James Charles BAKER, Appellant,

v.

The STATE of Texas, State.

No. 2–88–216–CR.

Court of Appeals of Texas,
Fort Worth.

Nov. 27, 1989.

Rehearing Denied Jan. 9, 1990.

John H. Hagler, Dallas, for appellant.

Jerry Cobb, Crim. Dist. Atty. and Gwinda Burns, Asst., Fort Worth, for State.

Before WEAVER, C.J., and JOE SPURLOCK, II and MEYERS, JJ.

## OPINION

JOE SPURLOCK, II, Justice.

Appellant, James Charles Baker, appeals his conviction of indecency with a child, *see* TEX. PENAL CODE ANN. sec. 21.11 (Vernon 1989), tried before a jury. The jury assessed punishment at two years confinement in the Texas Department of Corrections, probated. Appellant appeals on four points of error. We find appellant's first point of error dispositive. The cause is reversed and appellant acquitted.

The complainant, who was eleven years old at the time of the alleged offense, testified that she lived in Carrollton and had befriended a girl in her neighborhood named Amy Blevins. During her friendship with Amy, the complainant also befriended Amy's uncle, the appellant. The complainant testified that on or about July 1, 1985 she was at Amy's house when she fell and cut her head. The appellant picked her up and carried her to the bathroom. She stated that he placed one arm underneath her neck and the other arm under-

neath her thighs. She further described the position of appellant's hands as follows: "... one hand was on my shoulder and the other hand was in my crotch." During this time she was wearing a knee skirt and panties. It was more than one year later that complainant first made a complaint about this incident.

At trial, appellant testified that the complainant and his niece were dancing when the complainant fell and cut her head. Appellant picked her up and carried her to the bathroom in order to wash the blood from her head. He stated that he had one arm under her shoulders and one arm under her legs. Appellant denied that he ever placed his hand on her genitals. He also denied that he had ever touched her with the intent to arouse or gratify his sexual desire.

■ Appellant's first point of error urges that the evidence is insufficient to prove that appellant intentionally engaged in the conduct, or in the alternative, that the alleged "sexual contact" ever occurred.

In reviewing the sufficiency of the evidence to support a conviction, the evidence is viewed in the light most favorable to the verdict. See *Flournoy v. State*, 668 S.W.2d 380, 383 (Tex.Crim.App.1984). The critical inquiry is whether, after so viewing the evidence, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Bonham v. State*, 680 S.W.2d 815, 819 (Tex.Crim.App.1984), *cert. denied*, 474 U.S. 865, 106 S.Ct. 184, 88 L.Ed.2d 153 (1985); *Wilson v. State*, 654 S.W.2d 465, 471 (Tex. Crim.App.1983) (opinion on reh'g).

The sufficiency of the evidence is a question of law. The issue on appeal is not whether we as a court believe the prosecution's evidence or believe that the defense evidence "outweighs" the State's evidence. *See Wicker v. State*, 667 S.W.2d 137, 143 (Tex.Crim.App.), *cert. denied*, 469 U.S. 892, 105 S.Ct. 268, 83 L.Ed.2d 204 (1984). If there is evidence which establishes guilt beyond a reasonable doubt, and if the trier of fact believes that evidence, we are not in a position to reverse the judgment on sufficiency of the evidence grounds. *See id.*

The indictment in this case reads in part: "... that JAMES CHARLES BAKER, ... did then and there knowingly and intentionally engage in sexual contact with [E.S.], a female child not his spouse and younger than 17 years of age by then and there touching the genitals of the said [E.S.] with the intent to arouse and gratify the sexual desire of the said JAMES CHARLES BAKER."

The State had to prove if Baker did "knowingly and intentionally engage in sexual contact." The law is well settled that knowledge and intent can be inferred from the conduct of, remarks by and circumstances surrounding the act engaged in by the accused. *See Bowles v. State*, 550 S.W.2d 84, 85 (Tex.Crim.App.1977); *Allen v. State*, 478 S.W.2d 946 (Tex.Crim.App. 1972). Further, if the State proved that any contact occurred, it needed to prove the touching was sexual, that is with the intent to arouse or gratify. The intent to arouse or gratify sexual desire can also be inferred from a defendant's laugh or smile. *See Turner v. State*, 600 S.W.2d 927, 931 (Tex.Crim.App. [Panel Op.] 1980). But, there must be some evidence upon which to base the inference.

There are no facts in this case from which appellant's intent to engage in sexual contact can be inferred. There is no evidence that defendant laughed or smiled during the alleged occurrence, nor that he made any remarks which would show his intent to satisfy his sexual desire. The complainant herself testified that she did not know if appellant placed his hand on her crotch on purpose or if it was an accident. The actual testimony of the child was:

Q. And you are saying—did Jim actually place his hand upon your genitals?

A. It was there. I don't know if he placed it there or if it was an accident. But to me it seemed like he was doing it on purpose.

Q. And this is—you thought of that at that time?

A. Not when he was carrying me, I didn't think of it then.

The complainant further stated that she did not relate the foregoing incident to anyone until one year later.

The only witness, other than the child and appellant, was Amy Blevins, appellant's niece. She testified that she watched her uncle carry the complainant to the bathroom the entire time and that she never saw appellant touch the complainant on her private parts. The State's evidence wholly failed to show an intentional act on the part of appellant.

■ To bolster its evidence of intent to gratify, the State introduced evidence of extraneous offenses during the case-in-chief. *See Prior v. State,* 628 S.W.2d 177, 178 (Tex.App.—Houston [14th Dist.] 1982), *aff'd,* 647 S.W.2d 956 (1983). Evidence of extraneous offenses have been held admissible to prove scienter, where intent or guilty knowledge is an essential element of the State's case and cannot be inferred from the act itself. *Albrecht v. State,* 486 S.W.2d 97, 100–101 (Tex.Crim.App.1972). As there is no evidence of intent in the testimony given about the act itself, it is as probable the act was an accident as it was an intentional one. The extraneous offenses in this case are therefore relevant to show appellant's intent, since such intent cannot be inferred from the act itself.

We note that if extraneous offenses are used to negate the possibility the present act was an accident, such offenses must be sufficiently similar in nature to the charged offense so that the inference of improbability of accident logically comes into play. *See Morgan v. State,* 692 S.W.2d 877, 881 (Tex.Crim.App.1985). The conviction in *Morgan* was affirmed because the court found that the extraneous acts were "sufficiently similar" to the act complained of. *Id.* at 882. The extraneous acts and the act complained of were the same in that the defendant would touch the complainant and her sister on their genitals in the exact same manner. *Id.* at 878.

■ The extraneous evidence in the present case consists of: 1) sometime when complainant and her friend (appellant's niece) knocked on appellant's bedroom door and were told to enter the bedroom, whereupon they saw appellant "standing up on the other side of the bed talking on the phone naked"; 2) an occasion when complainant was playing in a swimming pool with appellant and he picked her up and threw her back into the water with his hand in her "crotch"; 3) once when appellant had gotten into bed with complainant one night and squeezed her, during which time he had an erection; and 4) a time when appellant entered complainant's bedroom while she was in bed, and he pulled up her nightgown and looked at her chest.

We hold the evidence of these extraneous events are not sufficiently similar to the instant offense to be probative on the issue of appellant's intent. Although this evidence is relevant to appellant's intent on the occasion of the event charged, it does not support an inference of improbability that the act charged was not an accident. For the extraneous evidence to have probative value, this evidence must show that the accused acted with the same intent when he committed the varying acts. *See Garza v. State,* 632 S.W.2d 823, 827 (Tex. App.—Dallas 1982), *remanded on other grounds,* 715 S.W.2d 642 (1986).

In the present case, the only similarity between the extraneous offenses and the offense complained of is that the events involved the complainant and appellant (as distinguished from the appellant's conduct with a stranger, as in the other cases). The facts and circumstances of each alleged offense are different. There is also no evidence that appellant acted with the requisite mental state during the extraneous offenses. Absent an inference that appellant acted with intent to engage in sexual contact with the complainant, using such extraneous evidence to prove this is not sufficient.

Appellant's first point of error is sustained. The evidence is insufficient to prove any sexual contact occurred, or that any contact occurred with the intent to arouse appellant's sexual desires. We hold that no rational trier of fact could have found the essential element of intent beyond a reasonable doubt. As a result, a discussion of appellant's remaining points

of error is unnecessary. Because the conviction must be reversed for insufficiency of the evidence to support the finding of guilty, the cause is remanded to the trial court with an order to enter a judgment of acquital. *See Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); *Greene v. Massey,* 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978).