McNair v. State 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00358-CR







John David McNair, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 119TH JUDICIAL DISTRICT


NO. B-94-0592-S, HONORABLE BARBARA WALTHER, JUDGE PRESIDING







 Appellant John David McNair was convicted by a jury on two counts of indecency
with a child by contact. See Tex. Penal Code Ann. § 21.11 (West 1994). (1) The jury assessed
punishment at two years' confinement for the first count and a concurrent sentence of three years'
confinement for the second count. Appellant raises two points of error on each count, challenging
both the legal sufficiency and the factual sufficiency of the evidence supporting the jury's finding
of the requisite intent to arouse or gratify appellant's sexual desire. We will affirm the judgment
of conviction.



FACTUAL AND PROCEDURAL BACKGROUND


 In the fall of 1992, the complainant, a sixteen-year-old female student, enrolled in
appellant's law enforcement class at Central High School in San Angelo. Appellant's class was
a two-year elective course, and appellant was the first teacher in this program. In December of
that year, appellant began to make advances toward the complainant. The complainant testified
that appellant's first advance was to ask her whether she would ever see a married man. After
that, appellant began asking the complainant during class to step into the hall with him, at which
times he would stand close to her, put his arm around her waist, and ask her to stay in his
classroom over her lunch period. In one instance, he added that he could lock the door and "be
her coach." He often asked to see her on the weekend. Once, appellant asked the complainant
to go wait in the rest room until class was over and the hall was cleared, when she could then
sneak back into the classroom. At another time, appellant had his hands on the complainant's
waist when another girl came out of a neighboring door. The complainant was able to slip back
into her seat in the back of the room, but appellant walked to the door and asked loudly, "Well,
what about sex?"

 In early 1993, the frequency of the advances increased. Fellow students in the
complainant's class stated that appellant took her into the hall at least once or twice a week, and
that the trips were not for disciplinary reasons. According to the complainant, half of the time
appellant would caress her and half of the time he would just talk to her. The occurrence that was
the basis for the first count of indecency with a child took place on or about February 15, 1993. 
Appellant took the complainant into the hall, put his hands on her waist and moved them up and
down her sides, touching her breasts in the process. He asked her, "What about today?" The
second count was based on a repetition of the same acts in March 1993.

 The complainant testified that she felt uncomfortable, but told no one of the
advances except a friend, and later a policewoman. She said she felt like she did not have a
choice about going into the hall when appellant asked her to do so, and a friend confirmed that
appellant was a very authoritarian, dominant person. The complainant did not drop the class and
subsequently signed up for the second year of the class (which was not required) because she felt
she needed the credit to graduate, was interested in law enforcement as a career, and could earn
twelve semester hours of class credit at a local college for completing the class.

 After the complainant turned seventeen in May 1993, appellant remarked that she
was "legal now" and did not need her parents' permission. In an attempt to deflect appellant's
requests that she stay in his classroom over lunch, the complainant began asking a friend, Chris,
to tell appellant that he (Chris) and the complainant were going to lunch together. As a result,
Chris started experiencing increased hostility from appellant, who would ask about the details of
the lunch, including if Chris would be paying. Appellant once remarked openly during class that
Chris and the complainant were sleeping together; another time he harshly asked Chris if the
complainant was "any good."

 The sole evidence presented by appellant at trial was his own testimony that he did
not touch the complainant.



DISCUSSION


 The offense of indecency with a child is committed if a person engages in sexual
contact with a child under the age of seventeen who is not that person's spouse. See Penal Code
§ 21.11(a)(1). "Sexual contact" is defined as "any touching of the anus, breast, or any part of the
genitals of another person with intent to arouse or gratify the sexual desire of any person." See
Penal Code § 21.01(2). Appellant argues that, even assuming he touched the complainant's
breasts, the testimony presented at trial fails to sufficiently prove that he did so with the intent to
arouse or gratify his sexual desire.

 The critical inquiry on review of the legal sufficiency of the evidence to support
a criminal conviction is whether the record evidence could reasonably support a finding of guilt
beyond a reasonable doubt. This Court does not ask whether it believes that the evidence at trial
established guilt beyond a reasonable doubt. Instead, the relevant question is whether, after
viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could
have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia,
443 U.S. 307, 318-19 (1979); Griffin v. State, 614 S.W.2d 155, 159 (Tex. Crim. App. 1981).

 The law is well settled that the specific intent at issue here can be inferred from the
defendant's conduct, his remarks, and all surrounding circumstances. McKenzie v. State, 617
S.W.2d 211, 216 (Tex. Crim. App. 1981); Bowles v. State, 550 S.W.2d 84, 85 (Tex. Crim. App.
1977). However, there must of course be some evidence upon which to base the inference. Baker
v. State, 781 S.W.2d 688, 689 (Tex. App.--Fort Worth 1989, pet. ref'd). Evidence of extraneous
acts committed by the accused is admissible to prove scienter, where intent is an essential element
of the State's case and cannot be inferred from the act itself. Albrecht v. State, 486 S.W.2d 97,
100 (Tex. Crim. App. 1972); see Tex. R. Crim. Evid. 404(b). If extraneous acts are used to
prove intent, such acts must be sufficiently similar in nature to the charged offense to raise an
inference of improbability of accident. Baker, 781 S.W.2d at 690. For the evidence of
extraneous acts to have any probative value, it must show that the accused acted with the same
intent when he committed the acts complained of. Id.

 Appellant argues that the record contains no direct evidence (such as evidence of
comments, smiles, or looks, etc.) that the specific acts with which he was charged were committed
with the requisite intent. In addition, he asserts that the testimony as to any other events occurring
outside those with which he was expressly charged raises extraneous matters that are not
sufficiently similar to the charged acts to be of any probative value in determining intent. 
Specifically, he contends that there is no evidence that the extraneous acts were committed with
the intent to arouse and gratify his sexual desire, so it cannot be shown that he committed the
charged acts with that same intent. We disagree.

 The circumstances surrounding the charged acts do not necessarily have to be
immediate and concurrent in time with those acts. Thus, where the accused was charged with
indecency with a child, the Court of Criminal Appeals has held that "evidence is admissible if it
establishes either the probability that the accused committed the offense or that he paid unnatural
attention, or displayed an unnatural attitude toward the victim, or had lascivious intent toward the
victim." Lewis v. State, 676 S.W.2d 136, 139 (Tex. Crim. App. 1984); see Tex. R. Crim. Evid.
404(b). As this Court recently stated:



 The sexual passion or desire of X for Y is relevant to show the probability
that X did an act realizing that desire. On the principle set out above, this desire
at the time in question may be evidenced by proof of its existence at a prior or
subsequent time. Its existence at such other time may, of course, be shown by any
conduct which is the natural expression of such desire.



Blakeney v. State, 911 S.W.2d 508, 515 (Tex. App.Austin 1995, no pet.) (quoting Brown v.
State, 657 S.W.2d 117, 118 (Tex. Crim. App. 1983)).

 In the instant case, the surrounding circumstances relevant to determining intent
include the frequency with which appellant took the complainant into the hall and his usual actions
there; the comments he made on other occasions such as, "Well, what about sex?"; asking to see
the complainant on weekends; inquiring whether she would ever see a married man; offering to
be her "coach" behind locked doors; and asking her friend Chris whether the complainant was
"any good" after remarking in front of his class that Chris and the complainant were sleeping
together. We hold that, in order to place the offense in context, the State was entitled to show the
ongoing interaction between appellant and the complainant.

 Assuming for the sake of argument that the events relayed in the complainant's
testimony were "bad" acts, we conclude that the record presents sufficient evidence to infer an
intent to arouse and gratify appellant's sexual desire in each of those events, such that his intent
on those occasions is relevant in determining his intent when he committed the charged acts. We
conclude that, when viewing the evidence in the light most favorable to the prosecution, a rational
fact finder could have found beyond a reasonable doubt that appellant's intent when he committed
the charged acts was to arouse or gratify his own sexual desire. We overrule points of error one
and two.

 When the court of appeals conducts a factual-sufficiency review, it views all the
evidence equally, including the testimony of defense witnesses and the existence of alternate
hypotheses. The court does not view the evidence in the light most favorable to the prosecution
as it does in legal-sufficiency review. The court should set aside the verdict only if it is so
contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. Clewis
v. State, No. 450-94, (Tex. Crim. App. January 31, 1996); Stone v. State, 823 S.W.2d 375, 381
(Tex. App.Austin 1992, pet. ref'd untimely filed).

 Appellant was the only witness for the defense at trial. He gave a few very cursory
statements, the only one of substance being that he did not touch the complainant's breasts. He
offered no other explanations for his actions. Although there was some evidence that it was a
common occurrence for appellant to take other students out into the hall, there was also evidence
that the students were mainly female. This evidence does not outweigh the evidence in the record
supporting conviction. Thus, after viewing the evidence outside the prism of "the light most
favorable to the prosecution," we cannot say that the jury's verdict is so contrary to the
overwhelming weight of the evidence as to be manifestly unjust, shock the conscious, or clearly
demonstrate bias. See Stone, 823 S.W.2d at 381. We overrule points of error three and four.



CONCLUSION


 We overrule appellant's points of error and affirm the judgment of conviction.



 J. Woodfin Jones, Justice

Before Justices Powers, Jones and B. A. Smith

Affirmed

Filed: March 27, 1996

Do Not Publish
1.   This offense took place before September 1, 1994 and is governed by the law in
effect at the time the offense occurred. Because the code amendments effective September
1, 1994 have no substantive effect on this offense, we cite to the current code for
convenience.



amily: CG Times"> The sexual passion or desire of X for Y is relevant to show the probability
that X did an act realizing that desire. On the principle set out above, this desire
at the time in question may be evidenced by proof of its existence at a prior or
subsequent time. Its existence at such other time may, of course, be shown by any
conduct which is the natural expression of such desire.



Blakeney v. State, 911 S.W.2d 508, 515 (Tex. App.Austin 1995, no pet.) (quoting Brown v.
State, 657 S.W.2d 117, 118 (Tex. Crim. App. 1983)).

 In the instant case, the surrounding circumstances relevant to determining intent
include the frequency with which appellant took the complainant into the hall and his usual actions
there; the comments he made on other occasions such as, "Well, what about sex?"; asking to see
the complainant on weekends; inquiring whether she would ever see a married man; offering to
be her "coach" behind locked doors; and asking her friend Chris whether the complainant was
"any good" after remarking in front of his class that Chris and the complainant were sleeping
together. We hold that, in order to place the offense in context, the State was entitled to show the
ongoing interaction between appellant and the complainant.

 Assuming for the sake of argument that the events relayed in the complainant's
testimony were "bad" acts, we conclude that the record presents sufficient evidence to infer an
intent to arouse and gratify appellant's sexual desire in each of those events, such that his intent
on those occasions is relevant in determining his intent when he committed the charged acts. We
conclude that, when viewing the evidence in the light most favorable to the prosecution, a rational
fact finder could have found beyond a reasonable doubt that appellant's intent when he committed
the charged acts was to arouse or gratify his own sexual desire. We overrule points of error one
and two.

 When the court of appeals conducts a factual-sufficiency review, it views all the
evidence equally, including the testimony of defense witnesses and the existence of alternate
hypotheses. The court does not view the evidence in the light most favorable to the prosecution
as it does in legal-sufficiency review. The court should set aside the verdict only if it is so
contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. Clewis
v. State, No. 450-94, (Tex. Crim. App. January 31, 1996); Stone v. State, 823 S.W.2d 375, 381
(Tex. App.Austin 1992, pet. ref'd untimely filed).

 Appellant was the only witness for the defense at trial. He gave a few very cursory
statements, the only one of substance being that he did not touch the complainant's breasts. He
offered no other explanations for his actions. Although there was some evidence that it was a
common occurrence for appellant to take other students out into the hall, there was also evidence
that the students were mainly female. This evidence does not outweigh the evidence in the record
supporting conviction. Thus, after viewing the evidence outside the prism of "the light most
favorable to the prosecution," we cannot say that the jury's verdict is so contrary to the
overwhelming weight of the evidence as to be manifestly unjust, shock the conscious, or clearly
demonstrate bias. See Stone, 823 S.W.2d at 381. We overrule points of error three and four.



CONCLUSION


 We overrule appellant's points of error and affirm the judgment of conviction.



 J. Woodfin Jones, Justice

Before Justices Powers, Jones