**Affirmed and Memorandum Opinion filed May 2, 2019.**



In The

# Fourteenth Court of Appeals

### NO. 14-18-00344-CR

## THOMAS WALTER LOPEZ, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 228th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1437419**

## MEMORANDUM OPINION

In this appeal from a conviction for indecency with a child, the sole question presented is whether the evidence is legally sufficient to support the conviction.

To support a conviction in this case, the State was required to prove the following essential elements: (1) that appellant engaged in sexual contact with the complainant, and (2) that the complainant was a child younger than seventeen years of age. *See* Tex. Penal Code § 21.11(a)(1). We examine all of the evidence in the light most favorable to the verdict when deciding whether these essential elements

were proven beyond a reasonable doubt. *See Robinson v. State*, 466 S.W.3d 166, 172 (Tex. Crim. App. 2015).

The complainant in this case was thirteen years old at the time of trial, and nine years old at the time of the offense. She testified that her best friend was appellant's daughter, and that on the night of the offense, she was staying at appellant's house for a sleepover. The complainant said that while her friend was taking a shower, she was sitting at the edge of a bed and brushing her hair when appellant approached her from behind and started touching the sides of her body. Appellant moved his hands to the outside of the complainant's shorts, and then he slipped his hands under her clothes and touched her vagina. He asked her, "Did it feel good?"

The complainant testified that appellant stopped touching her when his son began banging on the door, which was locked. At that time, appellant told the complainant to "pinkie swear not to tell anyone." The very next day, she told her mother that appellant had touched her inappropriately.

There is no dispute that the complainant was a child younger than seventeen years of age. Accordingly, there is legally sufficient evidence to support the second essential element of the offense.

As for the first essential element, to show that appellant engaged in "sexual contact," the State was required to produce legally sufficient evidence that appellant touched any part of the complainant's genitals, including a touching through clothing, with the intent to arouse or gratify the sexual desire of any person. *See* Tex. Penal Code § 21.11(c)(1). The State met this burden. The complainant testified that appellant directly touched her vagina, and a reasonable factfinder could have inferred that this touching was committed with the intent to arouse of gratify appellant's own sexual desires because appellant asked the complainant whether the

2

touching felt good, and he further told her to not reveal the touching to anyone. *See Montgomery v. State*, 810 S.W.2d 372, 396 (Tex. Crim. App. 1990) ("That appellant instructed both children not to reveal the event to anyone shows a consciousness of wrongdoing which in turn leads to an inference that when he touched the children as he did, appellant harbored a specific intent to arouse and gratify his own sexual desires.").

Appellant responds that the evidence is legally insufficient because there were inconsistencies between the complainant's live testimony and her earlier statements to a child advocate. This point merely highlights a conflict in the evidence, which we, as the reviewing court, presume the factfinder resolved in favor of the verdict. *See Whatley v. State*, 445 S.W.3d 159, 166 (Tex. Crim. App. 2014).

Appellant argues next that the evidence is legally insufficient because there was no physical corroboration. This point fails for two reasons. First, there was corroborating evidence because the State produced forensic testimony that appellant could not be excluded as the contributor of a DNA sample collected from the inside of the complainant's shorts. Second, and more importantly, corroborating evidence is not even required because a conviction may be supported by the complainant's testimony alone. *See* Tex. Code Crim. Proc. art. 38.07.

Appellant also argues that the evidence is legally insufficient under *Baker v. State*, 781 S.W.2d 688 (Tex. App.—Fort Worth 1989, pet. ref'd), but that case was decided under remarkably different facts. The child there fell and cut her head, and the defendant picked her up and carried her to the bathroom. As he was carrying the child, the defendant had one arm underneath the child's neck and another arm underneath her thighs. The child claimed that the defendant had touched her crotch, but she did not know if the touching occurred on purpose or by accident, and she did not mention the touching to anyone for over a year. The defendant testified that he

3

did not touch the child's genitals, and he denied having any intent to arouse or gratify his sexual desires. The jury rejected the defendant's testimony and convicted him as charged, but the court of appeals reversed, holding there was no evidence that could support a reasonable inference that the defendant had the requisite intent to arouse or gratify the sexual desires of any person. *Id.* at 689.

The meager evidence in *Baker* pales in comparison to the facts of this case. The complainant here testified that appellant purposefully touched her vagina, and appellant's statement to keep the touching a secret plainly supports an inference that the touching occurred with culpable intent. Accordingly, *Baker* is distinguishable.

After viewing the record in the light most favorable to the verdict, we conclude that the evidence is legally sufficient to support every essential element of the offense beyond a reasonable doubt. We therefore affirm the trial court's judgment.

/s/    Tracy Christopher
Justice

Panel consists of Justices Christopher, Hassan, and Poissant.
Do Not Publish — Tex. R. App. P. 47.2(b).