**Victor ZUNIGA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. B14–89–00797–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

June 21, 1990.

William M. Hicks, Dickinson, for appellant.

Roger L. Ezell, Galveston, for appellee.

Before PAUL PRESSLER, CANNON and ELLIS, JJ.

## OPINION

ELLIS, Justice.

Appellant, Victor Zuniga, appeals his judgment of conviction for the offense of indecency with a child. The jury rejected appellant's not guilty plea and found him guilty as charged in the indictment. The court, after finding both enhancement paragraphs of the indictment to be true, assessed appellant's punishment at fifty years in the Texas Department of Corrections. We affirm.

In his first point of error, appellant asserts that the pen packet containing his alleged conviction in Cause No. S–58240 was not properly certified. The record reveals otherwise.

More specifically, appellant states that a document in the pen packet entitled *Verdict and Judgment in Cause No. S–58240* is not certified or authenticated in any manner by the Clerk of the convicting court, Criminal District Court No. 2 of Bexar County, Texas.

The indictment charging appellant with indecency with a child contained two enhancement paragraphs. The trial court found both paragraphs true. The first enhancement paragraph alleged appellant had been convicted of murder with malice on November 10, 1959, in Cause No. S–5840 from the Criminal District Court No. 2 in Bexar County, Texas. During the punishment stage the trial court admitted State's exhibit number twelve, the Texas Department of Corrections pen packet containing records of appellant's 1959 murder conviction and 1974 murder conviction. Part of this exhibit is a copy of the judgment and sentence in Cause No. S–58240 from Bexar County, on file with the Texas Department of Corrections. The judgment and sentence were on two separate documents. (See appendix attached to this opinion.) The records in the exhibit were duly attested to by S.O. Woods, Jr., the record clerk of the TDC.

We have reviewed the judgment and sentence documents in Cause No. S–5824 contained in State's exhibit twelve and the certification by Hart McCormick, the clerk of the District Courts of Bexar County attached thereon and we find that this certification certifies both documents: the one entitled *Verdict and Judgment* and one entitled *Sentence.* The two documents are included under one cover page and the certification itself reads as follows:

THE STATE OF TEXAS

County of Bexar

I, HART McCORMICK, Clerk of the District Courts in and for Bexar County, Texas, do hereby certify that the above and foregoing is a true and correct Transcript of the Original Judgment, Sentence, Etc., rendered and entered in Cause No. S–58240, entitled THE STATE

OF TEXAS versus Victor Zuniga, as the same appear of record in the Criminal District Court No. 2, in and for Bexar County, in Volume "4" at pages 140 & ——.

IN TESTIMONY WHEREOF, I hereunto sign my name and affix the seal of said Courts, at office in San Antonio, Texas, this the 13th day of November, A.D. 1959.

    HART McCORMICK
    Clerk, District Courts,
    Bexar County, Texas

By <u>Luis Orona,</u> Deputy.
    signed

It is clear that this certification properly certifies both the judgment and sentence in Cause No. S–58240 and was properly admitted into evidence by the court. We find that this certification meets the test of *Dingler v. State*, 768 S.W.2d 305 (Tex. Crim.App.1989). Appellant's first point of error is overruled.

■ In his second point of error, appellant contends the court committed error in failing to grant appellant's challenge for cause to venireman No. 8, Deborah Moore.

The record reflects that during voir dire examination of prospective juror, Deborah Moore, the following transpired at a conference before the bench.

PROSECUTOR: Ms. Moore, you indicated you had somebody in your family that was a victim?

MS. MOORE: Well, a close relative, a brother-in-law. My niece was sexually molested by her father; and I didn't like the outcome of it, with him still being there. We don't think they should have let him, you know, come back around her after what he did to her. I just don't like it.

PROSECUTOR: Your brother-in-law's niece was molested by her stepfather?

MS. MOORE: Her real father.

PROSECUTOR: Did that case go to trial?"

MS. MOORE: No it didn't go to trial. They took her away for a while, but then they said he needed psychiatric care and then he moved—then she was moved back into the home with him, with the whole family.

PROSECUTOR: And you didn't like the outcome:

MS. MOORE: I didn't like the outcome.

PROSECUTOR: Ms. Moore, all we're asking you to do in this particular trial is to put that aside and just listen to the evidence and the testimony you're going to hear and decide whether he's guilty on these facts. Do you think you can do that?

MS. MOORE: I think I can. I'm not sure. I'm not sure if I can because it was a child involved and I don't know if I could or not but I could try.

PROSECUTOR: Sure, you have strong feelings because you have somebody involved; but again, do you think you can judge whether or not this child is telling the truth?

MS. MOORE: Yes.

PROSECUTOR: And if you felt like this child was not telling the truth, then could you find the man not guilty?

MS. MOORE: I don't know if I would look at it as—like I believed her more so than I believed the father. So, I don't know. I guess I would try to believe the child.

PROSECUTOR: Well, what if a little child got up there and went here and there with his story and backwards and you didn't think he was telling the truth?

MS. MOORE: I don't know.

PROSECUTOR: But you think you can try and put that other aside and listen to the evidence?

MS. MOORE: Yes, I could try and do that.

PROSECUTOR: Pass the witness, Judge.

DEFENSE ATTORNEY: What was the age of the child involved?

MS. MOORE: She was 10 years old when it first started, 12 years old when it was found out about.

DEFENSE ATTORNEY: Okay. And you were upset that the man didn't get some punishment?

MS. MOORE: Right.

DEFENSE ATTORNEY: You felt like stronger punishment was in line?

MS. MOORE: Yes, other than psychiatric help.

DEFENSE ATTORNEY: Okay. Now you've indicated that you feel like you would have a tendency to believe the child over any other evidence; is that correct:

MS. MOORE: Right.

DEFENSE ATTORNEY: Okay. And do you think you could put that tendency aside to decide whether or not this particular child is telling the truth:

MS. MOORE: I could try.

DEFENSE ATTORNEY: But it would be very difficult?

MS. MOORE: Maybe not too difficult, but I could try my best.

DEFENSE ATTORNEY: Have you formed an opinion right now just from what you've heard so far as to the guilt or innocence of Victor Zuniga?

MS. MOORE: No, because I don't know that much.

DEFENSE ATTORNEY: Okay.

Appellant's attorney made a request of the court to excuse Ms. Moore for cause. The court denied the request. Appellant used all ten of his peremptory challenges, using one to strike Ms. Moore.

The testimony of Ms. Moore on voir dire, when taken as a whole, does not reflect that she was disqualified from serving on the jury. *Freeman v. State*, 556 S.W.2d 287 (Tex.Crim.App.1977); *Adami v. State*, 524 S.W.2d 693 (Tex.Crim.App.1975).

■ Further, the record does not reflect that the appellant requested an additional challenge after he exhausted all of his peremptory challenges, or that the court would not have given an additional challenge if such request had been made. There is no showing that appellant was forced to take an objectionable juror. No error is shown. *Adami v. State, supra, Williams v. State*, 481 S.W.2d 119 (Tex. Crim.App.1972).

Appellant's second point of error is overruled.

Accordingly the judgment of the trial court is affirmed.