**Jerry PEREZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 03–95–00470–CR.

Court of Appeals of Texas,
Austin.

May 15, 1997.

James B. Matthews, Austin, for Appellant.

Ronald Earle, District Attorney, William G. Reid, Assistant District Attorney, Austin, for Appellee.

Before CARROLL, C.J., ABOUSSIE, J., and F.J. MALONEY, Former Judge.*

F.J. MALONEY, Former Judge (Assigned).

Appellant, Jerry Perez, was convicted of the offense of indecency with a child alleged by indictment to have occurred in Travis County on or about February 2, 1989. Tex.Penal Code Ann. § 21.11(a)(1) (West 1994).[1] The jury assessed punishment at forty years' confinement in the Texas Department of Corrections and a $10,000 fine.

On appeal, appellant raises three points of error:

1. The trial court reversibly erred in failing to grant appellant's challenge for cause against venireman Graham;
2. The evidence is insufficient to establish guilt; and
3. Counsel was ineffective under both state and federal constitutions by failing to advise appellant of his right to testify.

We will affirm.

### Sufficiency of the Evidence

Appellant, in his second point of error, contends that the evidence is insufficient to establish that he committed the offense of indecency with a child as alleged in the indictment. We review the evidence in light of the court's instructions to the jury. *Jones v. State*, 815 S.W.2d 667 (Tex.Crim.App.1991). The relevant question is whether, after reviewing the evidence in the light most favorable to the verdict, any trier of fact could have found the essential elements of the criminal offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979).

In order to prove the offense alleged in the indictment incorporated in the court's in-

---

* Before F.J. Maloney, Judge (former), Court of Criminal Appeals, sitting by assignment. *See* Tex.Gov't Code Ann. § 74.003(b) (West 1988).

1. The 1994 amendments to § 21.11 are irrelevant to this appeal.

struction to the jury, the State was required to prove beyond a reasonable doubt that the defendant, with intent to arouse or gratify his sexual desire, either knowingly or intentionally engaged in sexual conduct by touching the genitals of the victim, and that the victim was then a child younger than seventeen and not the spouse of the defendant.

The evidence viewed in a light most favorable to the verdict showed that the victim, born June 13, 1983, was appellant's niece, and that she was touched by appellant between her legs on the female genitalia. The victim testified appellant touched the "top of her clothes and under there. He moved his hands around. He did this for about fifteen minutes." The evidence established that this conduct occurred at night while appellant was visiting the home of the victim's family. The date of the offense was not specifically proved, but the evidence established that the victim lived on Rotherham Street after 1988 and that appellant stayed overnight at the Rotherham address only one time. The trial court took judicial notice that the indictment was presented on February 25, 1995, within the ten-year limitation period.

Appellant argues that the inculpatory evidence is contradicted by the witness Mary Diaz, appellant's sister, who testified that the victim was not sleeping in the living room where the appellant was sleeping but rather in her own room with her grandmother and that the appellant never left the living room that night. Appellant further argues that there is no evidence that he engaged in this conduct with intent to arouse or gratify his sexual desire.

In determining legal sufficiency, the standard is whether any rational trier of fact could have found the essential elements of the offense as defined in the court's instruction beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. at 319, 99 S.Ct. at 2789; *Green v. State,* 840 S.W.2d 394, 401 (Tex.Crim.App.1992). Where there is contradictory testimony, the jury is the sole judge of the weight and credibility of the evidence and may choose to believe all, some, or none of it. *Chambers v. State,* 805 S.W.2d 459, 461 (Tex.Crim.App.1991). Intent may be inferred from the circumstances of the

conduct. *McKenzie v. State,* 617 S.W.2d 211, 216 (Tex.Crim.App.1981); *Turner v. State,* 600 S.W.2d 927, 929 (Tex.Crim.App.1980); *Bowles v. State,* 550 S.W.2d 84 (Tex.Crim. App.1977); *Allen v. State,* 478 S.W.2d 946 (Tex.Crim.App.1972).

Here the offense occurred at night while everyone else was asleep. Appellant came over to the victim who was asleep on the floor, reached under the blanket and touched her on her chest and her "private spot." Before the jury, the victim, using a doll, pointed to where her "private spot" was. The record reflects that the child placed her finger between the legs of the doll where the female genitalia are located.

We find the evidence is legally sufficient to support the verdict. We overrule appellant's point of error number two.

### Challenge for Cause

In point of error number one, appellant contends the trial court reversibly erred in failing to grant his challenge for cause of venireman Graham.

In order to preserve error for a denial of a challenge for cause, the record must show that appellant asserted a specific challenge for cause on clearly articulated grounds, that he used a peremptory challenge on that venireman, that all of his peremptory challenges were exhausted, that he requested an additional peremptory strike which was denied, and that he was forced to take an objectionable venireman on the jury. *Bigby v. State,* 892 S.W.2d 864, 882–83 (Tex. Crim.App.1994); *Harris v. State,* 790 S.W.2d 568, 581 (Tex.Crim.App.1989); *Felder v. State,* 758 S.W.2d 760, 766–67 (Tex.Crim.App. 1988).

The State argues that the error was not preserved, there being an untimely challenge for cause of venireman Graham. Indeed, although the record indicates that Graham, both during voir dire by the State's attorney and later by appellant's attorney, and still later at the bench in answer to questions by the attorneys and the court, indicated that he tended to believe the testimony of a child under this type of setting, it

was not until after appellant submitted his list of ten strikes to the clerk that appellant made an oral motion for an extra peremptory challenge. Appellant requested the additional strike:

"for the reason that because of what the defense conceives to be the State's erroneous denial of challenge for cause for Juror # 6, Mr. Graham, the defense was obligated to exercise one of its peremptory strikes for Mr. Graham and thereby was required to seat Juror # 20, Mr. Mayo . . ."

The court denied this motion. Appellant never asserted a specific challenge for cause to venireman Graham on clearly articulated grounds. Therefore the error, if any, was not preserved for review. *Bigby*, 892 S.W.2d at 882–83.

■ Even if we were to hold that the point of error was preserved for review, Graham's answers on voir dire indicate that he could put aside any bias he might have concerning his belief of a child witness. The record shows that in answer to a statement by the court dealing with setting aside experiences and asking whether the venireman could judge the case based on the law and the evidence, Graham stated:

I guess my problem is that I tend to see children as truth tellers . . .

The Court: Well I've got six grandkids and kids would you not say that sometimes they do, sometimes they don't? I mean—

Mr. Graham: Yes

The Court: I mean, it's a fairness.

Mr. Graham: In this case though I'm talking about in this setting . . . well I would tend to believe the child as a witness I think. I think I'm just trying to be as open as I can, I guess.

Prosecutor: Well if the Judge instructed you to—well, say the law would be that you needed to be as objective in evaluating each witness as you are with each other witness, could you grade them all and evaluate them all and be, I don't know. How would you put it? Scrutinize each of them as much, could you do that?

Mr. Graham: I would give it my best shot.

When the defense was conducting its voir dire, Graham was asked, "I think you said that kids don't lie about these things. Do you think that's it?" Graham answered, "I tend to see it that way."

Subsequently, this exchange took place at a bench conference.

The Court: All right. Now after all is said and done can you sit on this jury and decide this case based on the law and the evidence?

Mr. Graham: I can do that, but as I said I would be more apt to believe the child.

The Court: Would you follow the law and decide this on the law and the evidence?

Mr. Graham: I will try to, but I'm afraid if there's a question, I would be on the side of the child.

The Court: Even without hearing that child?

Mr. Graham: I'm just afraid that's how I would react.

Ms. Swanson: You're not already saying you would know that ahead of time?

The Court: Do you believe that all children tell the truth?

Mr. Graham: I believe they try to in a case like this, in a case like this with one as a witness.

The Court: Do you have any questions?

Mr. Bettis: Mr. Graham, let's suppose that a child testifies. At that point do you feel that it would be up to the Defendant to produce some evidence.

Mr. Graham: No. No. I said that I would be inclined to believe the voracity [sic] of the child's testimony fully. The Defendant has every right and presumption of evidence in silence.

The Court: Well you make it kind of difficult. You'd like to believe the child. Have you ever known children that didn't tell the truth?

Mr. Graham: Yes.

The Court: Could you find a child not telling the truth depending on the evidence?

Mr. Graham: I would try. I would try.

Ms. Swanson: Could you make your own mind up and not make your decision until

you've seen the actual child in this case and not prejudge?

Mr. Graham: I'm not prejudging. I'm just saying what my tendency here is.

The Court: You're not prejudging, but let me ask you again one more time: Is there any reason why you could not decide this case and would you decide it based on the law and the evidence you hear in this courtroom.

Mr. Graham: I would—I've been on juries before and I have decided.

The Court: Ok, have a seat.

At no time did the venireman say that he would believe a child regardless of the evidence. In fact, although he stated his tendency, he insisted that he was not prejudging and that he could decide the case based on the law and the evidence. *Brown v. State,* 913 S.W.2d 577 (Tex.Crim.App.1996); *Zuniga v. State,* 794 S.W.2d 799 (Tex.App.—Houston [14th Dist.] 1990, pet. ref'd).

 In reviewing the trial court's ruling, we look at the venireman's entire voir dire examination to determine whether there is support for the court's ruling. *Satterwhite v. State,* 858 S.W.2d 412, 415 (Tex.Crim.App. 1993), *cert. denied,* 510 U.S. 970, 114 S.Ct. 455, 126 L.Ed.2d 387 (1993). We afford great deference to the court's decision because it is the trial judge who has the opportunity and, ultimately, who is in the better position to pass on the challenges for cause prosecuted. *Id.* at 415. The trial court's ruling will not be disturbed absent a showing of an abuse of discretion. *Williams v. State,* 773 S.W.2d 525, 536 (Tex.Crim.App.1988), *cert. denied,* 493 U.S. 900, 110 S.Ct. 257, 107 L.Ed.2d 207 (1989).

We find no abuse of discretion in failing to grant defendant's challenge for cause of venireman Graham, assuming there was a valid challenge for cause. Appellant's point of error number one is overruled.

### Effective Assistance of Counsel

Appellant, in his third point of error, alleges that he was denied effective assistance of counsel in violation of his rights guaranteed to him by the Sixth and Fourteenth Amendments to the Constitution of the United States and Article I, Section 10 of the Texas Constitution because his lawyer failed to properly advise him of his right to testify at the guilt-innocence part of the trial. Appellant contends that trial counsel's failure to explain the nature of the bifurcated trial system constituted deficient performance because appellant was unable to make an informed decision as to whether he should testify during the guilt-innocence part of the trial.

 Whether a defendant received effective assistance of counsel under the circumstances in this cause is governed by the two-prong test of *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and *Hernandez v. State,* 726 S.W.2d 53 (Tex.Crim.App.1986). Under the first prong, the record must show that counsel's representation fell below an objective standard of reasonableness in light of all of the circumstances; *i.e.,* that his acts or omissions were outside the range of professional competence. Under the second prong, the record must show a reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Because the right to testify is a fundamental constitutional right designed to guarantee a fair trial, *Rock v. Arkansas,* 483 U.S. 44, 53, n. 10, 107 S.Ct. 2704, 2710, n. 10, 97 L.Ed.2d 37 (1987), the second prong of *Strickland* is satisfied. *Lockhart v. Fretwell,* 506 U.S. 364, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993).

 However, the record does not support appellant's contention that he was not properly advised. Trial counsel testified at the hearing on appellant's motion for new trial that he discussed with appellant the nature of the bifurcated trial system and told him that if he testified during the guilt-innocence phase, his prior record, including two prior felony convictions, would be brought to the attention of the jury. Counsel explained to appellant that the State, by virtue of the enhancement paragraphs, would be allowed to introduce evidence of the two prior convictions at the punishment phase of

the trial, but the convictions would not be admissible at the guilt-innocence phase unless he testified. After consideration, appellant indicated he did not want to testify. Counsel testified that this was appellant's decision.

We hold that appellant has not established that his federal and state right to effective assistance of counsel has been violated. Appellant's third point of error number three is overruled.

The judgment is affirmed.

Affirmed