TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00470-CR






Jerry Perez, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT


NO. 0951036, HONORABLE LARRY FULLER, JUDGE PRESIDING







 Appellant, Jerry Perez, was convicted of the offense of indecency with a child
alleged by indictment to have occurred in Travis County on or about February 2, 1989. Tex.
Penal Code Ann. § 21.11(a)(1) (West 1994). (1) The jury assessed punishment at forty years'
confinement in the Texas Department of Corrections and a $10,000 fine.

 On appeal, appellant raises three points of error:



1. The trial court reversibly erred in failing to grant appellant's challenge for
cause against venireman Graham;


2. The evidence is insufficient to establish guilt ; and


3. Counsel was ineffective under both state and federal constitutions by failing
to advise appellant of his right to testify.



We will affirm.


Sufficiency of the Evidence


 Appellant, in his second point of error, contends that the evidence is insufficient
to establish that he committed the offense of indecency with a child as alleged in the indictment. 
We review the evidence in light of the court's instructions to the jury. Jones v. State, 815 S.W.2d
667 (Tex. Crim. App. 1991). The relevant question is whether, after reviewing the evidence in
the light most favorable to the verdict, any trier of fact could have found the essential elements
of the criminal offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319
(1979).

 In order to prove the offense alleged in the indictment incorporated in the court's
instruction to the jury, the State was required to prove beyond a reasonable doubt that the
defendant, with intent to arouse or gratify his sexual desire, either knowingly or intentionally
engaged in sexual conduct by touching the genitals of the victim, and that the victim was then a
child younger than seventeen and not the spouse of the defendant.

 The evidence viewed in a light most favorable to the verdict showed that the victim,
born June 13, 1983, was appellant's niece, and that she was touched by appellant between her legs
on the female genitalia. The victim testified appellant touched the "top of her clothes and under
there. He moved his hands around. He did this for about fifteen minutes." The evidence
established that this conduct occurred at night while appellant was visiting the home of the
victim's family. The date of the offense was not specifically proved, but the evidence established
that the victim lived on Rotherham Street after 1988 and that appellant stayed overnight at the
Rotherham address only one time. The trial court took judicial notice that the indictment was
presented on February 25, 1995, within the ten-year limitation period.

 Appellant argues that the inculpatory evidence is contradicted by the witness Mary
Diaz, appellant's sister, who testified that the victim was not sleeping in the living room where
the appellant was sleeping but rather in her own room with her grandmother and that the appellant
never left the living room that night. Appellant further argues that there is no evidence that he 
engaged in this conduct with intent to arouse or gratify his sexual desire.

 In determining legal sufficiency, the standard is whether any rational trier of fact
could have found the essential elements of the offense as defined in the court's instruction beyond
a reasonable doubt. Jackson v. Virginia, 443 U.S. at 319; Green v. State, 840 S.W.2d 394, 401
(Tex. Crim. App. 1992). Where there is contradictory testimony, the jury is the sole judge of the
weight and credibility of the evidence and may choose to believe all, some, or none of it. 
Chambers v. State, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991). Intent may be inferred from
the circumstances of the conduct. McKenzie v. State, 617 S.W.2d 211, 216 (Tex. Crim. App.
1981); Turner v. State, 600 S.W.2d 927, 929 (Tex. Crim. App. 1980); Bowles v. State, 550
S.W.2d 84 (Tex. Crim. App. 1977); Allen v. State, 478 S.W.2d 946 (Tex. Crim. App. 1972).

 Here the offense occurred at night while everyone else was asleep. Appellant went
over to the victim who was asleep on the floor, reached under the blanket and touched her on her
chest and her "private spot." Before the jury, the victim, using a doll, pointed to where her
"private spot" was. The record reflects that the child placed her finger between the legs of the
doll where the female genitalia are located.

 We find the evidence is legally sufficient to support the verdict. We overrule
appellant's point of error number two.



Challenge for Cause


 In point of error number one, appellant contends the trial court reversibly erred in
failing to grant his challenge for cause of venireman Graham.

 In order to preserve error for a denial of a challenge for cause, the record must
show that appellant asserted a specific challenge for cause on clearly articulated grounds, that he
used a peremptory challenge on that venireman, that all of his peremptory challenges were
exhausted, that he requested an additional peremptory strike which was denied, and that he was
forced to take an objectionable venireman on the jury. Bigby v. State, 892 S.W.2d 864, 882-83
(Tex. Crim. App. 1994); Harris v. State, 790 S.W.2d 568, 581 (Tex. Crim. App. 1989); Felder
v. State, 758 S.W.2d 760, 766-67 (Tex. Crim. App. 1988).

 The State argues that the error was not preserved, there being an untimely challenge
for cause of venireman Graham. Indeed, although the record indicates that Graham, both during
voir dire by the State's attorney and later by appellant's attorney, and still later at the bench in
answer to questions by the attorneys and the court, indicated that he tended to believe the
testimony of a child under this type of setting, it was not until after appellant submitted his list
of ten strikes to the clerk that appellant made an oral motion for an extra peremptory challenge. 
Appellant requested the additional strike:



for the reason that because of what the defense conceives to be the State's
erroneous denial of challenge for cause for Juror #6, Mr. Graham, the defense was
obligated to exercise one of its peremptory strikes for Mr. Graham and thereby
was required to seat Juror #20, Mr. Mayo . . ."



The court denied this motion. Appellant never asserted a specific challenge for cause to
venireman Graham on clearly articulated grounds. Therefore the error, if any, was not preserved
for review. Bigby, 892 S.W.2d at 882-83.

 Even if we were to hold that the point of error was preserved for review, 
Graham's answers on voir dire indicate that he could put aside any bias he might have concerning
his belief of a child witness. The record shows that in answer to a statement by the court dealing
with setting aside experiences and asking whether the venireman could judge the case based on
the law and the evidence, Graham stated:


I guess my problem is that I tend to see children as truth tellers . . .


The Court: Well I've got six grandkids and kids would you not say that sometimes
they do, sometimes they don't? I mean --


Mr. Graham: Yes


The Court: I mean, it's a fairness.


Mr. Graham: In this case though I'm talking about in this setting . . . well I would
tend to believe the child as a witness I think. I think I'm just trying to be as open
as I can, I guess.


Prosecutor: Well if the Judge instructed you to -- well, say the law would be that
you needed to be as objective in evaluating each witness as you are with each other
witness, could you grade them all and evaluate them all and be, I don't know. 
How would you put it? Scrutinize each of them as much, could you do that?


Mr. Graham: I would give it my best shot.



 When the defense was conducting its voir dire, Graham was asked, "I think you
said that kids don't lie about these things. Do you think that's it?" Graham answered, "I tend
to see it that way."

 Subsequently, this exchange took place at a bench conference.


The Court: All right. Now after all is said and done can you sit on this jury and
decide this case based on the law and the evidence?


Mr. Graham: I can do that, but as I said I would be more apt to believe the child.


The Court: Would you follow the law and decide this on the law and the
evidence?


Mr. Graham: I will try to, but I'm afraid if there's a question, I would be on the
side of the child.


The Court: Even without hearing that child?


Mr. Graham: I'm just afraid that's how I would react.


Ms. Swanson: You're not already saying you would know that ahead of time?


The Court: Do you believe that all children tell the truth?


Mr. Graham: I believe they try to in a case like this, in a case like this with one
as a witness.


The Court: Do you have any questions?


Mr. Bettis: Mr. Graham, let's suppose that a child testifies. At that point do you
feel that it would be up to the Defendant to produce some evidence.


Mr. Graham: No. No. I said that I would be inclined to believe the voracity [sic]
of the child's testimony fully. The Defendant has every right and presumption of
evidence in silence.


The Court: Well you make it kind of difficult. You'd like to believe the child. 
Have you ever known children that didn't tell the truth?


Mr. Graham: Yes.


The Court: Could you find a child not telling the truth depending on the evidence?


Mr. Graham: I would try. I would try.


Ms. Swanson: Could you make your own mind up and not make your decision
until you've seen the actual child in this case and not prejudge?


Mr. Graham: I'm not prejudging. I'm just saying what my tendency here is.


The Court: You're not prejudging, but let me ask you again one more time: Is
there any reason why you could not decide this case and would you decide it based
on the law and the evidence you hear in this courtroom.


Mr. Graham: I would--I've been on juries before and I have decided.


The Court: Ok, have a seat.



 At no time did the venireman say that he would believe a child regardless of the
evidence. In fact, although he stated his tendency, he insisted that he was not prejudging and that
he could decide the case based on the law and the evidence. Brown v. State, 913 S.W.2d 577
(Tex. Crim. App. 1996); Zuniga v. State, 794 S.W.2d 799 (Tex. App.--Houston [14th Dist.] 1990,
pet. ref'd).

 In reviewing the trial court's ruling, we look at the venireman's entire voir dire
examination to determine whether there is support for the court's ruling. Satterwhite v. State, 858
S.W.2d 412, 415 (Tex. Crim. App. 1993), cert. denied, 114 S. Ct. 455 (1993). We afford great
deference to the court's decision because it is the trial judge who has the opportunity and,
ultimately, who is in the better position to pass on the challenges for cause prosecuted. Id. at 415. 
The trial court's ruling will not be disturbed absent a showing of an abuse of discretion. Williams
v. State, 773 S.W.2d 525, 536 (Tex. Crim. App. 1988), cert. denied, 493 U.S. 900 (1989).

 We find no abuse of discretion in failing to grant defendant's challenge for cause
of venireman Graham, assuming there was a valid challenge for cause. Appellant's point of error
number one is overruled.


Effective Assistance of Counsel


 Appellant, in his third point of error, alleges that he was denied effective assistance
of counsel in violation of his rights guaranteed to him by the Sixth and Fourteenth Amendments
to the Constitution of the United States and Article I, Section 10 of the Texas Constitution because
his lawyer failed to properly advise him of his right to testify at the guilt-innocence part of the
trial. Appellant contends that trial counsel's failure to explain the nature of the bifurcated trial
system constituted deficient performance because appellant was unable to make an informed
decision as to whether he should testify during the guilt-innocence part of the trial.

 Whether a defendant received effective assistance of counsel under the
circumstances in this cause is governed by the two-prong test of Strickland v. Washington, 466
U.S. 668 (1984), and Hernandez v. State, 726 S.W.2d 53 (Tex. Crim. App. 1986). Under the
first prong, the record must show that counsel's representation fell below an objective standard
of reasonableness in light of all of the circumstances; i.e., that his acts or omissions were outside
the range of professional competence. Under the second prong, the record must show a
reasonable probability that, but for counsel's unprofessional error, the result of the proceeding
would have been different. A reasonable probability is a probability sufficient to undermine
confidence in the outcome. Because the right to testify is a fundamental constitutional right
designed to guarantee a fair trial, Rock v. Arkansas, 483 U.S. 44, 53, n.10 (1987), the second
prong of Strickland is satisfied. Lockhart v. Fretwell, 506 U.S. 364 (1992).

 However, the record does not support appellant's contention that he was not
properly advised. Trial counsel testified at the hearing on appellant's motion for new trial that
he discussed with appellant the nature of the bifurcated trial system and told him that if he testified
during the guilt-innocence phase, his prior record, including two prior felony convictions, would
be brought to the attention of the jury. Counsel explained to appellant that the State, by virtue
of the enhancement paragraphs, would be allowed to introduce evidence of the two prior
convictions at the punishment phase of the trial, but the convictions would not be admissible at
the guilt-innocence phase unless he testified. After consideration, appellant indicated he did not
want to testify. Counsel testified that this was appellant's decision.

 We hold that appellant has not established that his federal and state right to effective
assistance of counsel has been violated. Appellant's third point of error number three is
overruled. 


 The judgment is affirmed.



 

 F. J. Maloney, Justice

Before Chief Justice Carroll, Justices Aboussie and Maloney*

Affirmed

Filed: May 15, 1997

Publish






















* Before F. J. Maloney, Judge (former), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1988).
1. The 1994 amendments to § 21.11 are irrelevant to this appeal.



 cause. Appellant's point of error
number one is overruled.


Effective Assistance of Counsel


 Appellant, in his third point of error, alleges that he was denied effective assistance
of counsel in violation of his rights guaranteed to him by the Sixth and Fourteenth Amendments
to the Constitution of the United States and Article I, Section 10 of the Texas Constitution because
his lawyer failed to properly advise him of his right to testify at the guilt-innocence part of the
trial. Appellant contends that trial counsel's failure to explain the nature of the bifurcated trial
system constituted deficient performance because appellant was unable to make an informed
decision as to whether he should testify during the guilt-innocence part of the trial.

 Whether a defendant received effective assistance of counsel under the
circumstances in this cause is governed by the two-prong test of Strickland v. Washington, 466
U.S. 668 (1984), and Hernandez v. State, 726 S.W.2d 53 (Tex. Crim. App. 1986). Under the
first prong, the record must show that counsel's representation fell below an objective standard
of reasonableness in light of all of the circumstances; i.e., that his acts or omissions were outside
the range of professional competence. Under the second prong, the record must show a
reasonable probability that, but for counsel's unprofessional error, the result of the proceeding
would have been different. A reasonable probability is a probability sufficient to undermine
confidence in the outcome. Because the right to testify is a fundamental constitutional right
designed to guarantee a fair trial, Rock v. Arkansas, 483 U.S. 44, 53, n.10 (1987), the second
prong of Strickland is satisfied. Lockhart v. Fretwell, 506 U.S. 364 (1992).

 However, the record does not support appellant's contention that he was not
properly advised. Trial counsel testified at the hearing on appellant's motion for new trial that
he discussed with appellant the nature of the bifurcated trial system and told him that if he testified
during the guilt-innocence phase, his prior record, including two prior felony convictions, would
be brought to the attention of the jury. Counsel explained to appellant that the State, by virtue
of the enhancement parag