

**NUMBER 13-12-00644-CV**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI - EDINBURG**

**IN THE MATTER OF C. D., A JUVENILE**

**On appeal from the County Court at Law
of Cooke County, Texas.**

**MEMORANDUM OPINION**

**Before Chief Justice Valdez and Justices Benavides and Longoria
Memorandum Opinion by Chief Justice Valdez**

A jury found that appellant, C.D., committed the offense of indecency with a child. By three issues, appellant contends that: (1) the evidence was insufficient for the jury to find that he engaged in delinquent conduct by "touch[ing] the anus of V.M.S."; (2) the trial court abused its discretion by allowing hearsay testimony from B.J.P. under the excited utterance exception; and (3) the trial court reversibly erred in failing to appoint a guardian ad litem for appellant in violation of Texas Family Code section 51.11 when he

appeared at the adjudication hearing without a parent.  *See* TEX. FAM. CODE ANN. § 51.11 (West 2008).  We affirm.[1]

## I. BACKGROUND

The State alleged in its live petition that appellant had engaged in delinquent conduct by, among other things, intentionally and knowingly engaging in sexual contact with V.M.S., a child younger than seventeen, by touching her anus with the intent to arouse or gratify his sexual desires in violation of section 21.11 of the Texas Penal Code.  *See* TEX. PENAL CODE ANN. § 21.11 (West 2011).  Appellant pleaded "not true" to the State's allegations, and a jury trial was held.

At trial, the evidence showed that appellant's male relative is V.M.S.'s mother's boyfriend.  V.M.S. testified that on one occasion when appellant spent the night at her home, as she lay sleeping on her stomach, she awoke and saw appellant on top of her.  V.M.S. was seven years old when the alleged incident occurred.  According to V.M.S., appellant pulled her panties down and attempted to put his "middle spot" in her "bottom."  V.M.S. stated that appellant's pants were down and that she saw that his middle part was big and hairy.  When the State asked whether appellant's middle part was hard or hanging down, V.M.S. replied that it was hard.  When the State asked her if appellant touched her anus, V.M.S. responded that he had.  V.M.S. stated that appellant told her not to tell anyone what he had done to her.  V.M.S. testified that she started crying and ran to her mother's room; however, V.M.S. did not tell her mother what had happened that night.  Approximately one year later, V.M.S. told her brother, B.J.P., about the incident.  V.M.S. explained that she told B.J.P. what had happened

---

[1] This case is before the Court on transfer from the Fort Worth Court of Appeals pursuant to a docket equalization order issued by the Texas Supreme Court.  *See* TEX. GOV'T CODE ANN. § 73.001 (West 2005).

after she overheard B.J.P.'s girlfriend tell him that someone had touched her "on the butt." V.M.S. stated that she became frightened when she heard the girlfriend's claim and that hearing the girlfriend's claim caused her to reveal the alleged incident with appellant to her brother.[2] After revealing the incident to her brother, V.M.S. told her mother and her mother's boyfriend.

During V.M.S.'s mother's testimony, the State asked, "Did—did you find out, uh, that B.J.P.'s girlfriend was having problems at school with boys touching her?" V.M.S.'s mother replied, "Yes, ma'am." The State asked, "Are you aware whether or not [V.M.S.] heard that and knew of that," and V.M.S.s' mother responded, "That's what they told me, the kids told me." V.M.S.'s mother then answered "Yes" after the State told her she could not tell them what someone else stated and asked if she knew that V.M.S. had found out about B.J.P.'s girlfriend's problems. At trial, appellant denied that he committed the alleged act.

The jury answered "true" to the State's allegations that appellant committed indecency with a child. On September 6, 2012, the trial court signed a disposition order committing appellant to the Texas Juvenile Justice Department Institutional Division for "an indeterminate period of time not to exceed the time when he shall be 19 years of age." On that same date, the trial court signed an order stating that appellant is not required to register as a sex offender and ordering appellant's record to be sealed. This appeal followed.

## II. SUFFICIENCY OF THE EVIDENCE

By his first issue, appellant contends that the evidence is insufficient to support the jury's finding that he committed the offense of indecency with a child. Specifically,

---

[2] B.J.P. was fourteen years' old at the time of appellant's trial.

3

as we understand it, appellant argues that there are too many discrepancies in V.M.S.'s testimony and that the evidence presented does not logically support a finding that he committed the offense.

## A. Standard of Review and Applicable Law

"Although juvenile proceedings are civil matters, the standard applicable in criminal matters is used to assess the sufficiency of the evidence underlying a finding the juvenile engaged in delinquent conduct." *In re R.R.*, 373 S.W.3d 730, 734 (Tex. App.—Houston [14th Dist.] 2012, pet. filed) (citing *In re A.O.*, 342 S.W.3d 236, 239 (Tex. App.—Amarillo 2011, pet. denied)). In reviewing the sufficiency of the evidence to support a conviction, the evidence is viewed in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[3] *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010) (plurality op.). "A complainant's testimony alone is sufficient to support a conviction for indecency with a child." *Connell v. State*, 233 S.W.3d 460, 466 (Tex. App.—Fort Worth 2007, no pet.); *Perez v. State*, 113 S.W.3d 819, 838 (Tex. App.—Austin 2003, pet. ref'd); *see* TEX. CODE CRIM. PROC. ANN. art. 38.07 (West Supp. 2011); *Tear v. State*, 74 S.W.3d 555, 560 (Tex. App.—Dallas 2002, pet. ref'd). The specific intent required for the offense of indecency with a child may be inferred from a defendant's conduct. *Bazanes v. State*, 310 S.W.3d 32, 40 (Tex. App.—Fort Worth 2010, pet ref'd) (citing *McKenzie v. State*, 617 S.W.2d 211, 216 (Tex. Crim. App. 1981)).

---

[3] Appellant contends that the evidence against him is factually insufficient. However, the court of criminal appeals has held that there is "no meaningful distinction between the *Jackson v. Virginia* legal sufficiency standard and the *Clewis* factual-sufficiency standard" and that the *Jackson* standard "is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the State is required to prove beyond a reasonable doubt." *Brooks v. State*, 323 S.W.3d 893, 902–03, 912 (Tex. Crim. App. 2010) (plurality op.). Accordingly, we review appellant's claim of evidentiary sufficiency under "a rigorous and proper application" of the *Jackson* standard of review. *See id.* at 906–07, 912.

A person commits indecency with a child if the person engages in sexual contact with the child or causes the child to engage in sexual contact. TEX. PENAL CODE ANN. § 21.11(a)(1) (West 2010). "Sexual contact" means any touching by a person, including touching through clothing, of the anus, breast, or any part of the genitals of a child if committed with the intent to arouse or gratify the sexual desire of any person. *See id.* § 21.11(c).

Here, V.M.S. testified that she awoke to find that her underwear was down and that appellant was on top of her with his pants down. V.M.S. stated that appellant attempted to put his "middle spot" in her "bottom" and that his middle part was big, hairy, and hard at the time. When asked if appellant touched her anus, V.M.S. responded that he had. V.M.S. testified that appellant told her not to tell anyone what he had done and that appellant's actions caused her to run to her mother's room crying.

Appellant argues that the "only evidence in this case is alleged by V.M.S. versus" his denial and cites portions of V.M.S.'s testimony and other witnesses' testimony he alleges were contradictory and/or unbelievable. However, "[r]econciliation of evidentiary conflicts is solely a function of the trier of fact." *Perez*, 113 S.W.3d at 838 (citing *Losada v. State*, 721 S.W.2d 305, 309 (Tex. Crim. App. 1986); *Bowden v. State*, 628 S.W.2d 782, 784 (Tex. Crim. App. 1982); *Perez v. State*, 960 S.W.2d 84, 86 (Tex. App.—Austin 1997 no pet.) (citing *Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991))). Thus, although appellant denied he had committed the offense, the jury was free to disbelieve him and believe V.M.S.'s account of what occurred instead. Accordingly, viewing the evidence in the light most favorable to the verdict, we conclude that a rational juror could have found beyond a reasonable doubt that appellant committed the

offense of indecency with a child. *See* TEX. PENAL CODE ANN. § 21.11; *Brooks*, 323 S.W.3d at 899. Therefore, we overrule appellant's first issue.

### III. ADMISSION OF B.J.P.'S TESTIMONY

By his second issue, appellant contends that the trial court abused its discretion by admitting hearsay from B.J.P. Specifically, appellant argues that the trial court improperly concluded that the complained-of testimony was admissible under the excited utterance exception to hearsay.

We review a trial court's decision to admit or exclude evidence under an abuse of discretion standard. *Martinez v. State*, 327 S.W.3d 727, 736 (Tex. Crim. App. 2011); *Green v. State*, 934 S.W.2d 92, 101–02 (Tex. Crim. App. 1996); *Montgomery v. State*, 810 S.W.2d 372, 379–80 (Tex. Crim. App. 1990) (en banc). We may not reverse the judgment if the trial court's decision is within the zone of reasonable disagreement. *Martinez*, 327 S.W.3d at 736; *State v. Dixon*, 206 S.W.3d 587, 590 (Tex. Crim. App. 2006); *Green*, 934 S.W.2d at 102; *Montgomery*, 810 S.W.2d at 391.

At his trial, appellant objected on the basis that it constituted hearsay to B.J.P.'s testifying about the event surrounding V.M.S.'s revelation to him of what appellant had allegedly done to her and to B.J.P. stating what V.M.S. had told him. The State argued that although the testimony was hearsay, it was admissible under the excited utterance exception. *See* TEX. R. EVID. 803(2). The trial court allowed B.J.P. to state that when he was listening to his girlfriend on the speaker of his phone, V.M.S. overheard B.J.P.'s girlfriend say that some boys had been "touching her butt." B.J.P. testified that V.M.S. heard what his girlfriend said, and told him what appellant had allegedly done to her. Appellant objected to B.J.P. stating, "[V.M.S.] told me that that she woke up with her

6

pants down and [appellant] on top of her and she got up and went in my mom's room. . . . She said that she pushed him off and got up."

We need not determine whether the trial court erred by allowing B.J.P. to testify as described above because the same evidence was admitted through V.M.S.'s testimony and her mother's testimony. *See Land v. State*, 291 S.W.3d 23, 28–29 (Tex. App.—Texarkana 2009) ("The admission of inadmissible evidence becomes harmless error if other evidence proving the same fact is properly admitted elsewhere (or comes in elsewhere without objection)."); *see also Valle v. State*, 109 S.W.3d 500, 509 (Tex. Crim. App. 2003) ("An error [if any] in the admission of evidence is cured where the same evidence comes in elsewhere without objection."). Therefore, even assuming without deciding that the trial court should have excluded the complained-of testimony, the trial court admitted without objection V.M.S.'s testimony concerning the exact same facts. Thus, error, if any, was harmless. *See Land*, 291 S.W.3d at 28–29; *Valle*, 109 S.W.3d at 509. We overrule appellant's second issue.

## IV. GUARDIAN AD LITEM

By his third issue, appellant contends that the trial court violated section 51.11 of the family code by failing to appoint a guardian ad litem. Appellant states in his brief that the trial court "appointed the attorney for the juvenile as the guardian ad litem for [him] during the disposition phase . . . but no guardian ad litem was appointed for [him] during the adjudication phase of the trial."

Section 51.11 of the family code states: "If a child appears before the juvenile court without a parent or guardian, the court shall appoint a guardian ad litem to protect the interests of the child. The juvenile court need not appoint a guardian ad litem if a parent or guardian appears with the child." *See* TEX. FAM. CODE ANN. § 51.11.

7

At his jury trial held on August 22, 2012, appellant's trial counsel did not request that a guardian ad litem be appointed. Therefore, it appears that appellant argues that the trial court had a sua sponte duty to make such an appointment. However, in a document, signed by the trial court judge on August 22, 2012, entitled, "Jury Order Child Engaged in Delinquent Conduct," the judge documented that appellant's guardian, E.R., appeared at his jury trial.[4] As stated above, a juvenile court is not required to appoint a guardian ad litem if the child's guardian appears with the child at the proceeding. Here, E.R., appellant's guardian, appeared with appellant; therefore, the trial court was not required to sua sponte appoint a guardian ad litem pursuant to section 51.11. We overrule appellant's third issue.

## V. CONCLUSION

Having overruled all of appellant's issues, we affirm the trial court's judgment.

_____
ROGELIO VALDEZ
Chief Justice

Delivered and filed the
20th day of June, 2013.

---

[4] Although appellant argues that he was only appointed a guardian ad litem during the disposition phase of the proceedings, our review of the record shows that the trial court did so after discovering that appellant's guardian had left the courtroom to get some shoes for appellant. Appellant's trial counsel then told the trial court that the guardian "was fine" and that trial counsel had "explained everything to her." Appellant's trial counsel said, "She was fine with me standing in for her." The trial court then appointed appellant's trial counsel as his guardian ad litem for purposes of the disposition hearing held on September 6, 2012.