WILLIE AUGUSTER MEREDITH V. STATE

No. 33,674.   October 25, 1961

*Richard Grainger,* Tyler, for appellant.

*Weldon Holcomb,* Criminal District Attorney, *R. S. Burruss,* Assistant Criminal District Attorney, Tyler, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is indecent exposure to a child, as defined in Article 535c, V.A.P.C.; the punishment, five years.

Mrs. Patsy Sanford, mother of the female child named in the indictment, testified that she was hanging clothes out to dry at her home some 16 miles out in the country when appellant drove his automobile into her driveway, got out of the car and walked into her yard; that she came around to the front of the house with her two children, a boy aged two and Sandra Kay aged three, following her as they usually did when someone came to their house; that appellant asked her where some people lived whom she did not know, and that he then took out his private parts in view of the children and asked her where he could obtain sexual gratification.   She stated that she told appellant to leave and threatened to go into the house and get a gun; that he told her if she did he would force her to commit an act of sodomy upon him; that she then ran past the children, who had observed appellant's conduct and heard his remarks, and into the house;

and that appellant jumped into his automobile and left the premises at a great rate of speed.

Mr. Houston Lowe testified that he lived some 100 yards away from the Sanford home and saw appellant on the day in question drive into the Sanford driveway and get out and talk with Mrs. Sanford. He stated that he continued his work of painting a table until he heard a woman scream and that he looked up and saw Mrs. Sanford leave the yard and go into her house and saw appellant whirl around, get into his car and speed away.

The State introduced into evidence appellant's confession made the day following the alleged act of indecent exposure which corroborated Mrs. Sanford's testimony that appellant exposed himself to her and her two children.

Appellant, testifying in his own behalf, admitted that he conversed with Mrs. Sanford and asked her if she knew where some people lived, but he denied exposing himself to Mrs. Sanford and her children, denied making the obscene remarks, and contended that he did not voluntarily make the confession.

The jury resolved the dispute issues against appellant. We will discuss the contentions advanced by counsel in brief and argument.

He first contends that the evidence is insufficient to sustain a conviction under Article 535c, V.A.P.C., which reads as follows:

"It shall be unlawful for any person with lascivious intent to knowingly and intentionally expose his or her private parts or genital organs to any other person, male or female, under the age of sixteen (16) years."

in that appellant's actions were directed toward Mrs. Sanford, and not Sandra Kay, a child under the age of sixteen years.

Mrs. Sanford's testimony and the appellant's confession reflect that Sandra Kay was present and observed appellant when he exposed himself and made the lewd statements, and this evidence is sufficient to show that appellant *knowingly* and *intentionally* exposed his genitals to Sandra Kay. Appellant's *lascivious intent* can be inferred from his conduct of intentionally

exposing his private parts to a 3-year old female child and from his obscene and indecent remarks accompanying such conduct, and we find the evidence sufficient to support a conviction under Article 535c, supra.

Appellant next complains that the trial court erred in refusing his motion for continuance because of the absence of a material witness.

The record shows that this cause was set for trial on January 23, 1961, at which time appellant announced ready for trial and filed his application for suspended sentence. The jury was selected, and the trial began on January 24, 1961, and it was not until this date that appellant filed his application for subpoena of the witness. These facts show that appellant did not use due diligence in procuring attendance of the absent witness, and the court was not in error in refusing his motion. Jones v. State, 115 Tex. Cr. Rep. 60, 29 S.W. 2d 791, and Fino v. State, 137 Tex. Cr. Rep. 340, 129 S.W. 2d 652.

We have examined all of appellant's complaints with great care, and, no reversible error appearing, the judgment is affirmed.