**Manuel Dee DUNLAP, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 42037.**

Court of Criminal Appeals of Texas.

April 23, 1969.

Tom Sands, Dallas, by appointment, for appellant.

Henry Wade, Dist. Atty., Malcolm Dade, Camille Elliott and James P. Finstrom, Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ONION, Judge.

The offense is indecent exposure to a person under the age of 16 years; the punishment, assessed by the jury, 10 years.

We shall first consider appellant's attack upon the sufficiency of the evidence to sustain the conviction. The 15-year-old prosecutrix, Delva Hernandez, testified that on Thursday morning, February 15, 1968, on her way to school from her home, a distance of some 4½ blocks, she observed the appellant sitting in a green 1961 Chevrolet on the parking lot of a hospital. She related that when she reached a point parallel to the automobile the driver's door

opened and she observed appellant therein without any clothes on from the waist down. She stated that she did not see his genital organs at the time but that his left hand was moving up and down. She reported the incident to her mother upon her arrival home at 4 p. m. the same day. On Monday, February 19, 1968, the prosecutrix used the same route from home to school and again observed the appellant in the same automobile in the same parking lot. This time she related that when the door was opened she observed that the appellant was nude from the waist down and she could see his male sex organ and he spoke to her. As soon as she passed the automobile and crossed the street she wrote down the automobile's license number.

Linda Gonzales, a schoolmate of the prosecutrix who had been informed of the Thursday incident, testified that she preceded the prosecutrix to school along the same route on Monday, February 19, 1968. She related that when she passed the hospital parking lot she observed the appellant's green automobile and that he indecently exposed himself to her.

The following morning appellant was arrested in the same vicinity.

Testifying in his own behalf appellant claimed to have been at work as a mechanic at the time in question and he denied having ever seen the prosecutrix or Linda Gonzales before. He called his employer, an uncle, to corroborate his defense of alibi. By their verdict the jury rejected his defense of alibi and we find the evidence sufficient to support their verdict. It appears to be appellant's specific contention that the evidence was insufficient to show that he exposed himself intentionally with lascivious intent. See Article 535c, V.A.P.C. In Meredith v. State, 171 Tex. Cr.R. 359, 350 S.W.2d 550, this Court held that lascivious intent could be inferred from the appellant's conduct, remarks and surrounding circumstances. In the case at bar we conclude that appellant's actions and surrounding circumstances were suffi-

cient to show lascivious intent. It is noted that the appellant, according to the testimony of two of the State's witnesses, would look at the girls and wait until they were close enough to his automobile to see him before he opened the door. The prosecutrix also related that on Monday, February 19, 1968, the appellant spoke to her and thus directed her attention to his nude condition. Ground of error #3 is overruled.

Appellant further contends the court erred in permitting the State to elicit from the appellant, over objection, evidence relating to misdemeanor arrests which demonstrated before the jury that the defendant was a criminal generally. Appellant calls this Court's attention to a number of cases dealing with the admission of extraneous offenses in sex offense cases.

Appellant overlooks the fact that the evidence elicited from the appellant at the hearing on guilt or innocence concerned final convictions for offenses involving moral turpitude which were not too remote. This evidence was elicited for the purpose of impeachment and was proper under the provisions of Article 38.29 V. A.C.C.P. When an accused takes the stand as a witness he is subject to the same rules as other witnesses and may be impeached. 1 Branch's Anno.P.C., 2d ed., Sec. 168, p. 170. Further, we observe that in his argument to the jury State's counsel called to their attention the fact that evidence of such convictions had been elicited for the purpose of impeachment. Ground of error #1 is overruled.

Appellant also complains the trial court erred in failing to give limiting instructions to the jury with regard to the prior misdemeanor convictions. We observe, however, that no written objection or special requested charge in accordance with the provision of Articles 36.14 and 36.15, V.A.C.C.P. are to be found in the record. Therefore nothing is presented for review. Ground of error #2 is overruled.

The judgment is affirmed.