John Thomas **ALLEN**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 44917.

Court of Criminal Appeals of Texas.

April 26, 1972.

Dewey Cox, Jr., Ranger, for appellant.

Emory C. Walton, Dist. Atty., Eastland, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for indecent exposure to a person under the age of 16 years. The punishment was assessed by the court at five years following a verdict of guilty.

Appellant challenges the sufficiency of the evidence to sustain the conviction. He acknowledges the evidence reflects that he exposed himself on the day in question but contends the evidence does not reflect that it was done with lascivious intent.

The record reflects that on May 6, 1970 about 4:30 p. m., the prosecutrix, B—— R——, age 15, and four other girls were practicing as cheerleaders at a school in Gorman when they observed that a man drove up in a pickup truck and parked nearby. Shortly thereafter, one of the girls stated she thought the man "was using the bathroom" but soon observed that he wasn't.

The prosecutrix testified the man was standing near the Homemaking Cottage with his pants unzipped, his private male parts exposed, beckoning the girls to him and making motions and pointing toward his exposed sexual parts. She identified the appellant as the man who so exposed himself to her.

The girls tried to ignore him and moved away and the appellant got into the pickup. Later, as two of the girls went to pick up their books at a spot near his truck, the appellant jumped out and again exposed himself and made similar beckoning and suggestive motions, waving his hand to attract attention.

The prosecutrix's testimony was corroborated by the other four girls. A teacher also testified she observed a man with the same described clothing as given by the girls in the school area when she left school on the date in question.

The appellant offered no evidence at the guilt stage of the proceedings.

Article 535c, Vernon's Ann.P.C., provides that it shall be unlawful for any person, with lascivious intent to knowingly and intentionally expose his or her private parts or genital organs to any other person, male or female, under the age of 16 years.

The court, in its charge, defined "knowingly" and "intentionally" and then defined "lascivious" as meaning "in a vulgar, suggestive, sexual manner."

Under the record before us, appellant's lascivious intent can be inferred from his conduct of twice intentionally exposing himself to the 15 year old prosecutrix and her young friends and from his motions, gestures and his pointing to his private parts, and the surrounding circumstances. Dunlap v. State, 440 S.W.2d 672 (Tex.Cr. App.1969).

The evidence viewed in the light most favorable to the verdict is sufficient to sustain the conviction. Dunlap v. State, supra; Spikes v. State, 386 S.W.2d 801 (Tex.Cr. App.1965); Meredith v. State, 171 Tex.Cr. R. 359, 350 S.W.2d 550 (1961). See Article 535c, supra n. 3 and cases there cited.

The judgment is affirmed.