Clarence Thomas BOWLES, Appellant,

v.

The STATE of Texas, Appellee.

No. 53222.

Court of Criminal Appeals of Texas.

May 3, 1977.

85

John Ellis, Dallas, for appellant.

Henry Wade, Dist. Atty., Ronald D. Hinds and Michael E. Keasler, Asst. Dist. Attys., Dallas, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

GREEN, Commissioner.

In a trial before a jury appellant was convicted of indecency with a child. See V.T.C.A. Penal Code, Sec. 21.11(a)(2).[1] Punishment, enhanced under V.T.C.A. Penal Code, Sec. 12.42(d), was assessed at life.

■ Appellant initially says that the evidence at the guilt stage is insufficient to support the verdict. Specifically, he argues that there is no evidence that the exposure of appellant's genitals was done "with intent to arouse or gratify the sexual desire of" appellant, as alleged in the indictment.

The complainant, a ten year old girl, testified that on Monday, December 2, 1974, about 3:30 p. m., as she was walking home from school she saw appellant sitting in a light blue automobile parked next to the sidewalk. As she was about to pass the car appellant said to her, "Look here." She walked toward the car, and when she was about six feet from it appellant, the man in the car, raised the lower part of his body and exposed his penis to her. When she saw it, she started running toward her home, but stopped long enough to write the license number of the car on her composition book. Appellant drove off. At home she told her mother, and the police were notified. When a policeman arrived, complainant gave him the car license number.

Complainant testified further that on the Sunday afternoon before this Monday, as she passed Lukes the Spooks Lounge on her way to a store, she saw appellant in front of the lounge, and on that occasion he also exposed himself by showing his penis to her. She told her mother about that occasion, but police were not notified because "she thought it was somebody just going to the beer joint."

Appellant did not testify, and placed no witness on the stand.

Complainant's testimony established that she was, at the time of the offense, under 17 years of age, and was not the spouse of appellant. The jury had direct evidence that appellant, knowing she was present, spoke to her, telling her to "Look here," and then rose up in his seat and exposed his penis, a part of his genitals, to her. She said he had also exposed it to her the day before. This Court has consistently held that under Article 535c, V.A.P.C., lascivious intent can be inferred from the defendant's conduct, remarks and surrounding circumstances. *Allen v. State,* Tex.Cr.App., 478 S.W.2d 946; *Dunlap v. State,* Tex.Cr.App., 440 S.W.2d 672; *Meredith v. State,* 171 Tex.Cr. 359, 350 S.W.2d 550. In *O'Neal v. State,* Tex.Cr.App., 421 S.W.2d 391, 393, we quoted from *Slusser v. State,* 155 Tex.Cr. 160, 232 S.W.2d 727 with approval as follows:

" . . . 'the term lewd or lascivious manner' means in a vulgar manner inciting sexual desire or appetite, and connotes lust, indecency, and sexual indulgence. The words 'lewd' and 'lascivious' are similar in meaning and signify that

---

1. "21.11. *Indecency with a child*

"(a) A person commits an offense if, with a child younger than 17 years and not his spouse, whether the child is of the same or opposite sex, he

\* \* \* \* \* \*

"(2) exposes his anus or any part of his genitals, knowing the child is present, with intent to arouse or gratify the sexual desire of any person.

\* \* \* \* \* \*

"(c) An offense under this section is a felony of the third degree."

form of immorality which has relation to sexual impurity."

We conclude that the evidence is sufficient to support the jury's verdict that appellant exposed a part of his genitals to the ten year old complainant, knowing she was present, with intent to arouse or gratify his sexual desire. See V.T.C.A. Penal Code, Sec. 21.11(a)(2), supra.

■ Appellant contends the court erred in refusing to charge on circumstantial evidence, as properly requested. As stated above, there was direct evidence of the exposure to complainant by appellant. The only issue for the jury to determine by circumstances was intent. As stated in *Davis v. State,* Tex.Cr.App., 516 S.W.2d 157, at page 161: "It is well settled that where intent is the only issue to be determined by the circumstances a charge on circumstantial evidence is not required" citing authorities. See also *Green v. State,* Tex.Cr.App., 533 S.W.2d 769.

■ The contention is made that the court erred in refusing to charge on the lesser included offenses of indecent exposure and disorderly conduct.

V.T.C.A. Penal Code, Sec. 21.08, Indecent Exposure, provides:

"(a) A person commits an offense if he exposes his anus or any part of his genitals with intent to arouse or gratify the sexual desire of any person, and he is reckless about whether another is present who will be offended or alarmed by his act.

"(b) An offense under this section is a Class C misdemeanor."

Section 42.01(a)(10) of the Penal Code, Disorderly Conduct, provides:

"(a) A person commits an offense if he intentionally or knowingly:

\* \* \* \* \* \*

"(10) exposes his anus or genitals in a public place and is reckless about whether another may be present who will be offended or alarmed by his act."

In *Clark v. State,* Tex.Cr.App., 527 S.W.2d 292, 294, we quoted with approval from *McBrayer v. State,* Tex.Cr.App., 504 S.W.2d 445, as follows:

" . . . merely because a lesser offense is included within the proof of a greater offense, a charge on the lesser is not required unless there is testimony raising such issue that the appellant, if guilty, is guilty only of the lesser offense."

There is no testimony that appellant was reckless[2] about the presence of another; the only testimony on the subject established that he intentionally exposed himself *to complainant* after calling her to "Look here." The court did not err in refusing to charge on the lesser included offenses of indecent exposure and disorderly conduct.

■ In two grounds of error, appellant contends the court erred in entering a nunc pro tunc order during the punishment stage of the trial reforming the sentence in the prior conviction alleged in paragraph three of the indictment for enhancement of punishment and that the evidence at the punishment stage does not support the verdict.

The sentence in said prior conviction recited the punishment as "confinement in the Texas Department of Corrections for *not less than 2* nor more than 4 years." (Emphasis added). The conviction was for exposing with lascivious intent appellant's private parts to a female child under sixteen years. See Art. 535c, V.A.P.C. Section 2 of that article at the time of the conviction in 1969 provided:

"Any person violating this Act shall be guilty of a felony, and shall upon conviction be punished by confinement in the county jail for a period of not to exceed two (2) years, or by confinement in the penitentiary for any term not to exceed fifteen (15) years."

When the papers in the penitentiary packet reflecting this conviction were offered in evidence, appellant objected because the sentence was null and void "with

2. See V.T.C.A. Penal Code, Sec. 6.02.

respect to the Indeterminate Sentence Act." His particular complaint was that Section 2 of Article 535c provided no such minimum punishment as was stated in the sentence. The court responded to the objection as follows:

"THE COURT: Okay. Now, your objection is well taken to a point and I think that your objection also to some degree has been anticipated by Mr. Keasler [State] who has just handed me an order which I signed and I am going to have—I am going to have signed the order nunc pro tunc. . . . Having signed the order which I now make a part of State's Exhibit No. 5, I will overrule your objection and State's Exhibit No. 5 is admitted into evidence."

The nunc pro tunc order to which appellant also objected reformed the sentence "by deleting the words 'not less than two' and substituting the words 'not less than one day.'"

The judgment reflects that the punishment assessed in the case was four years. Under the indeterminate sentence law, Art. 42.09 V.A.C.C.P., the minimum is "the time provided by law as the lowest term." An error in reciting the minimum punishment in the sentence does not render the sentence void, as contended by appellant, since the above statute fixes the minimum as a matter of law. Such error may be corrected by the trial court nunc pro tunc after a hearing, *Cazares v. State*, Tex.Cr.App., 488 S.W.2d 455, or, if the conviction is appealed by this Court on appeal. *Turner v. State*, Tex.Cr.App., 485 S.W.2d 282.[3] We need not determine whether the trial court erred in entering the nunc pro tunc order without a hearing. It has been the consistent holding of this Court that a judgment or sentence containing an irregularity which may be reformed on appeal or by nunc pro tunc entry is not void, and may not be collaterally attacked. *Hughes v. State*, Tex.Cr.App., 493 S.W.2d 166; *Briones v. State*, Tex.Cr. App., 473 S.W.2d 39; *Barker v. State*, 169 Tex.Cr. 277, 334 S.W.2d 182; *Ex parte King*, 156 Tex.Cr. 231, 240 S.W.2d 777; *Le-*

*nore v. State*, 137 Tex.Cr. 417, 129 S.W.2d 657.

Since the sentence was not void because it erroneously recited the minimum punishment and since it could have been reformed by proper nunc pro tunc proceedings, it was not subject to being collaterally attacked at the punishment phase of the instant trial. Hence, regardless of error, if any, in correcting the sentence without proper hearing, the proof of the two prior convictions, shown to meet the requirements of V.T. C.A. Penal Code, Sec. 12.42(d), sufficiently supported the jury's verdict at the punishment stage. Appellant's contentions to the contrary are overruled.

The judgment is affirmed.

Opinion approved by the Court.

---

**3.** There was no appeal in either conviction used for enhancement in the instant case.