**Lonnie CURTIS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 12–82–0078–CR.**

Court of Appeals of Texas, Tyler.

April 5, 1984.

Grover Russell, Jr., Center, for appellant.

John S. Walker, Dist. Atty., Center, for appellee.

COLLEY, Justice.

Curtis was convicted of murder by a jury who assessed his punishment at ninety-nine years confinement.

Curtis testified in his own defense during the guilt-innocence phase and claims he was improperly impeached by the use of an "extraneous offense." He also contends that the trial court erred in overruling his motion for new trial based on jury misconduct. We affirm.

1. All references unless otherwise indicated are to Vernon's Annotated Code of Criminal Procedure.

When a defendant becomes a witness in his own behalf, he is subject to impeachment and cross-examination as any other witness, subject to certain exceptions not material here. Article 38.29, Tex.Crim. Proc.Code Ann. (Vernon 1979);[1] *Dunlop v. State*, 440 S.W.2d 672 (Tex.Cr.App.1968). The record shows that Curtis testified on direct examination that he had been previously convicted of a felony, and that he was presently serving time on the sentence in the case. He did not testify as to the nature of the conviction. The State's counsel on cross-examination attempted to elicit from Curtis the felony offense of which he had been convicted by asking him, "Isn't it true you are in the penitentiary for murder?" Curtis never answered the question. The question was proper. No contention is made in this appeal by Curtis that the felony conviction was not final or was in fact too remote in time to be admissible for impeachment purposes. Since Curtis admitted the prior felony conviction, the State was entitled to prove what offense was the subject of that conviction. Article 38.29. Appellant's first ground of error is overruled.

The record shows also that the jury's verdict on the punishment phase was returned on April 22, 1982. Immediately following the receipt of that verdict the trial court pronounced judgment and sentence pursuant to the provisions of Article 42.01. Curtis then gave oral notice of appeal on that date, and again on April 27, 1982. On June 21, 1982, Curtis filed his original motion for new trial alleging certain jury misconduct. The motion was denied as untimely filed by the trial judge on September 3, 1982, the seventy-fourth day following the pronouncement of judgment and sentence in the case. The motion was not timely filed as required by Article 40.-05, Tex.Crim.Proc.Code Ann. (Vernon Supp. 1983–84). A trial judge does not have any authority under Article 40.05 to extend the time for filing a motion for new trial. See Dally and Brockway, *Criminal Appellate*

*Review Changes,* 13 St. Mary's L.J. 211 (1981) at 221.

We find no reported case dealing with late filing of a motion for new trial since the amendments to Article 40.05 and Articles 42.01, 42.02 and 42.03 made by Acts 1981, 67th Leg. ch. 291 which became effective on September 1, 1981. Under the provisions of former Article 40.05, a trial court could permit a late filing of a motion for new trial for good cause shown, set aside the sentence already pronounced and decide the motion for new trial. *Morales v. State,* 587 S.W.2d 418 (Tex.Cr.App.1979); *Robinson v. State,* 505 S.W.2d 298 (Tex.Cr. App.1974). Such is not the case under the provisions of the present Article 40.05. The motion for new trial was untimely filed and nothing is presented for review under the ground.

The judgment of the trial court is affirmed.