Affirmed and Memorandum Opinion filed February 27, 2003















Affirmed and
Memorandum Opinion filed February 27, 2003.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-00319-CR

____________

 

KENTRELL DESHAY THURMAN, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

__________________________________________

 

On Appeal from
the 177th District Court

Harris County, Texas

Trial Court
Cause No. 892,736

 

__________________________________________

 

M E M O R A
N D U M   O P I N I O N

            Appellant Kentrell
Deshay Thurman was convicted by a jury of aggravated
robbery and sentenced to forty-two years’ confinement in the Texas Department
of Criminal Justice, Institutional Division, enhanced with one prior felony
conviction.  On appeal, he claims that
his sentence as a repeat offender was improperly enhanced with the prior
conviction, because it was a state jail felony conviction.  We affirm.




 








Facts

            On January 24, 2001, complainant Diana Schmidt
drove to her workplace and parked her car in the parking area at about 8:20 a.m. 
As she waited in her car for her workplace to open for business,
appellant approached her and robbed her at gunpoint.  Appellant ran away, but police later
determined his identity after someone attempted to use Schmidt’s credit card
and some of Schmidt’s property was found in a pawn shop.  Schmidt and others who witnessed the robbery
in the parking lot identified appellant at trial as the robber.    

            Appellant was found guilty of
aggravated robbery, a first-degree felony. 
See Tex. Pen. Code Ann. §
29.03.  The enhancement paragraph of the
indictment read as follows:

Before the commission of the
offense alleged above on March 16,
 1999, in Petition No. 1999-015891, in the 313th District
 Court of Harris County, Texas, the
Defendant was adjudicated for the felony of Possession of a Controlled
Substance.

Appellant
pleaded “not true” to the enhancement paragraph. 

            The trial court instructed the jury
that if it found the allegations of the enhancement paragraph true beyond a
reasonable doubt, to sentence appellant to a period of confinement consistent
with the range of punishment found in Penal Code section 12.42(c)(1), which
provides as follows:

if it is shown on the trial
of a first-degree felony that the defendant has been once before convicted of a
felony, on conviction the punishment range is imprisonment in the institutional
division of the Texas Department of Criminal Justice for life, or for any term
of not more than 99 years or less than 15 years. 

Tex. Pen. Code Ann. § 12.42(c)(1).  The jury found the enhancement paragraph
true, and assessed punishment at 42 years’ imprisonment.

Issues on
Appeal

            On appeal, appellant raises three
issues.  In the first two, he contends
the evidence is legally and factually insufficient to support the enhancement
allegation.  In the third, he contends
that the trial judge committed error in charging the jury on the punishment
range as enhanced.  Because we overrule
appellant’s first two issues, we do not reach the third.

The Prior
Conviction

            Appellant argues that the evidence
is legally and factually insufficient to find the enhancement allegation “true”
and to sentence appellant as a repeat offender under Texas Penal Code section
12.42(c)(1) because the prior conviction was a state jail felony
conviction.  Under Penal Code section
12.42(e), “[a] previous conviction for a state jail felony punished under
Section 12.35(a) may not be used for enhancement purposes under Subsection (b),
(c), or (d).”  Tex. Pen. Code Ann. § 12.42(e); see also Campbell v. State, 49 S.W.3d 874, 877 (Tex. Crim.
App. 2001) (holding that unaggravated state jail
felony could not be used to enhance punishment for first-degree felony).

            At the punishment stage of the
proceeding, the State supported its enhancement allegation with State’s Exhibit
14, a judgment reciting that, on March 16,
 1999, appellant was adjudicated[1] for the
offense of possession of a controlled substance, namely cocaine.  Below the adjudication a box indicating
“Felony 3rd” was checked.  The judgment
was supported by appellant’s stipulation of evidence as follows:

On the 20th day of FEBRUARY,
1999, in Harris County and State
of Texas, I did
then and there unlawfully, intentionally and knowingly possess a controlled
substance, namely, COCAINE, weighing less than 1 gram by aggregate weight,
including any adulterants and dilutants.  

Additionally,
a police officer testified that appellant was charged with the offense because
a small plastic bag containing cocaine residue was found in a pocket of his
clothing after he was arrested for another offense.

            Appellant asserts that he was
adjudicated for a state jail felony, not a third degree felony as recited in
the judgment, because possession of less than one gram of cocaine is punishable
as a state jail felony.  See Tex.
Health & Safety Code Ann. § 481.115 (b) (“An offense under
Subsection (a) is a state jail felony if the amount of the controlled substance
possessed is, by aggregate weight, including adulterants or dilutants,
less than one gram.”).  Specifically,
appellant contends that his stipulation of evidence in the judgment that he
possessed less than one gram of cocaine, and the police officer’s testimony
that the cocaine involved consisted of residue in a plastic bag, demonstrate
that appellant’s conviction was for possession of less than one gram of cocaine
 a state jail felony  and thus the box checked “Felony 3rd” was a clerical
error.  Therefore, appellant argues that
as a matter of law, the use of the prior offense for enhancement purposes is
barred by section 12.42(e) and Campbell. 
Even if the box checked “Felony 3rd” is considered some evidence,
appellant asserts that the evidence that the prior conviction was a felony
other than a state jail felony is so contrary to the overwhelming weight of the
evidence as to be clearly wrong and unjust. 
We disagree.

            Once the State properly introduces a
judgment and sentence and identifies appellant with them, we presume regularity
in the judgment.  Johnson v. State, 725 S.W.2d 245, 247 (Tex. Crim.
App. 1987) (en banc).  The burden then
shifts to the defendant, who must make an affirmative showing of any defect in
the judgment.  Id.  A prior conviction alleged for enhancement
may be collaterally attacked only if it is void or tainted by constitutional
defect.  Galloway v. State, 578 S.W.2d 142, 143 (Tex. Crim.
App. [Panel Op.] 1979).  A judgment
containing an irregularity which may be reformed on direct appeal or by nunc pro tunc entry is not void,
and is not subject to collateral attack.  Id; Bowles
v. State, 550 S.W.2d 84, 87 (Tex. Crim. App.
1977).  

            Here, appellant contends that the
evidence shows he was actually adjudicated for a state jail felony, and the
recitation in the prior judgment that he was adjudicated for a third-degree
felony was merely a clerical error. 
However, this is the type of error that could have been remedied by
entry of a corrected judgment or reformation on appeal; therefore, the prior
judgment is not subject to collateral attack on this basis.  Because the prior judgment recited that
appellant was adjudicated for the felony offense of possession of a controlled
substance, and that he was adjudicated for a third degree felony, we find that
the evidence was sufficient to support the jury’s verdict at the punishment
stage.  We overrule appellant’s first two
issues, and do not reach the third. 

            The trial court’s judgment is
affirmed.

 

                                                                                    

                                                                        /s/        Charles W. Seymore

                                                                                    Justice

 

Judgment
rendered and Memorandum Opinion filed February 27, 2003.

Panel
consists of Chief Justice Brister and Justices Edelman and Seymore.

Do Not
Publish — Tex. R. App. P.
47.2(b).

 

 











            [1]  Appellant was a juvenile at the time of the
commission of the offense.  For purposes
of subsections (a), (b), (c), and (e) of Penal Code section 12.42, an
adjudication by a juvenile court that a child engaged in delinquent conduct
constituting a felony offense for which the child is committed to the Texas
Youth Commission is, in certain circumstances, considered a final felony
conviction.  See Tex. Pen. Code Ann.
§ 12.42(f).