Opinion issued November 16, 2006







     





In The
Court of Appeals
For The
First District of Texas




NO. 01-05-00923-CR




GERALD ELMER CHAPMAN, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 228th District Court
Harris County, Texas
Trial Court Cause No. 991726


 

MEMORANDUM OPINION

          A jury found appellant, Gerald Elmer Chapman, guilty of indecency with a
child and, having found true the enhancement paragraphs alleging prior convictions
for indecency with a child and auto theft, assessed punishment at 75 years’
confinement. Tex. Pen. Code Ann. § 21.11 (a)(2)(A) (Vernon 2005). In two issues,
appellant contends that the evidence is legally and factually insufficient to sustain his
conviction because the State failed to prove that appellant knew a child was present
at the time he exposed his genitals. We affirm.
Background
          On June 21, 2004, the 11-year-old complainant, E.A., visited the Sterling
Municipal Library in Baytown, Texas, along with her grandmother and her two
younger sisters. While she was reading on the floor of an aisle in the children’s
section, the complainant looked to her side and, through a space in the bookshelves,
saw a man in the next aisle “grabbing his penis” and “moving his hand up and down.” 
The complainant testified that she could not see the man’s face, but that she was able
to see that he was wearing a tan shirt and denim shorts. It was not until the
complainant was leaving the library that she told her grandmother what she had
observed, at which point her grandmother took her back into the library to inform the
staff of the incident. 
          Denise Fischer, the Director of the Sterling Municipal Library, testified that,
after speaking with the complainant, she went to the children’s section of the library
and observed the man the complainant described. Fischer saw him “lying on the floor
with his head propped against the bookshelves.” At the time, the man had an
“oversized children’s picture book across his lap” and was laughing as he moved the
picture book back and forth. Fischer estimated the man’s location to be
approximately 10 feet from the children’s play area. Her testimony further indicated
that the incident occurred during one of the library’s busiest months, as school was
out for the summer and the children’s summer reading program was active. 
          Fischer returned to her office and called 911. Before police could respond,
however, the man attempted to leave the library. The complainant, who was standing
with her grandmother in Fischer’s office, pointed the man out and stated “[t]here he
is.” Despite Fischer’s request that he stay in the library, the man fled on foot. A
library patron followed the man and was able to direct police to his location in a
nearby public restroom. At trial, Fischer identified appellant as the man she had
observed in the library. The testimony of the arresting officer indicated that, from
where both appellant and the complainant were sitting, there was a clear view into
each other’s aisle through the bookshelves. A series of photographs, admitted into
evidence by the trial court, confirmed that it was possible to see into the next aisle
from where appellant and the complainant were seated. Furthermore, in opening and
closing arguments, appellant admitted that he had exposed himself in the library and
he argued only that he be found guilty of the lesser offense of indecent exposure
because he was not aware of the complainant’s presence at the time that he exposed
his genitals.


 
Sufficiency of the Evidence
          In his first and second issues, appellant contends that the evidence was legally
and factually insufficient to support his conviction for indecency with a child because
the State failed to prove that he had knowledge of the complainant’s presence at the
time that he exposed his genitals. We disagree.
Standard of Review
          In our legal-sufficiency review, we view the evidence in the light most
favorable to the verdict and ask whether any rational trier of fact could have found
the crime’s essential elements beyond a reasonable doubt. Johnson v. State, 23
S.W.3d 1, 11 (Tex. Crim. App. 2000). When conducting a factual-sufficiency review,
we view all of the evidence in a neutral light. Cain v. State, 958 S.W.2d 404, 408
(Tex. Crim. App. 1997). We will set the verdict aside only if (1) the evidence is so
weak that the verdict is clearly wrong and manifestly unjust or (2) the conflicting
evidence is against the great weight and preponderance of the evidence. Johnson, 23
S.W.3d at 11. Under the first prong of Johnson, we cannot conclude that a conviction
is “clearly wrong” or “manifestly unjust” simply because, on the quantum of evidence
admitted, we would have voted to acquit had we been on the jury. Watson v. State,
2006 WL 2956272, at *10 (Tex. Crim. App. Oct. 18, 2006). Under the second prong
of Johnson, we cannot declare that a conflict in the evidence justifies a new trial
simply because we disagree with the jury’s resolution of that conflict. Id. Before
finding that evidence is factually insufficient to support a verdict under the second
prong of Johnson, we must be able to say, with some objective basis in the record,
that the great weight and preponderance of the evidence contradicts the jury’s verdict. 
Id. In our factual-sufficiency review, we must also discuss the evidence that,
according to appellant, most undermines the jury’s verdict. See Sims v. State, 99
S.W.3d 600, 603 (Tex. Crim. App. 2003). 
          We may not re-weigh the evidence and substitute our judgment for that of the
fact-finder. King v. State, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000). The fact-finder alone determines the weight to be given contradictory testimonial evidence
because that determination depends on the fact-finder’s evaluation of credibility and
demeanor. Cain, 958 S.W.2d at 408–09. As the determiner of the credibility of the
witnesses, the fact-finder may choose to believe all, some, or none of the testimony
presented. Id. at 407 n.5. 
Analysis
          The indictment alleges that appellant “unlawfully, with intent to arouse and
gratify [his] sexual desire . . . , intentionally and knowingly expose[d] [his] genitals,
knowing that [E.A.], a child younger than seventeen years of age and not the spouse
of the [appellant] was present.” The requisite elements of knowledge and intent may
be inferred from the conduct of, remarks by, and circumstances surrounding the acts
engaged in by an accused. See Turner v. State, 600 S.W.2d 927, 929 (Tex. Crim.
App. 1980) (holding the evidence that defendant maneuvered his car into the vision
of a 12-year-old before exposing himself above the console sufficient to infer
knowledge and intent); see also Allen v. State, 478 S.W.2d 946, 947 (Tex. Crim. App.
1972) (inferring knowledge and intent from the appellant’s motions and gestures and
the surrounding circumstances); State v. Uribe, 7 S.W.3d 294, 295–97 (Tex.
App.—Austin 1999, pet. ref’d) (holding that evidence was sufficient where appellant
exposed his penis and masturbated in his car while parked next to a car in which a
child was a passenger); Strain v. State, 934 S.W.2d 424, 425 (Tex. App.—Amarillo
1996, no pet.) (holding that evidence was sufficient where appellant exposed his
penis and masturbated in the doorway of his home while the complainant and other
children were in the yard); Wilcox v. State, 672 S.W.2d 12, 13–14 (Tex.
App.—Houston [14th Dist.] 1984, no pet.) (holding that evidence was sufficient to
show knowledge and intent where appellant stood in front of a gap in a fence and
dropped his pants while a group of children played on the other side of the fence). 
          Here, appellant concedes that he exposed his genitals in the Sterling Municipal
Library and argues only that he did not know that the complainant was present at the
time. The evidence viewed in the light most favorable to the verdict shows that,
because school was out for the summer, the library was in one of its busiest months. 
Appellant exposed himself in the children’s section of the library, at a distance of
approximately 10 feet from the children’s play area. At trial, the arresting officer
testified that he had assumed both appellant’s position and the complainant’s position
in the library and that there was a clear view through the shelves into each other’s
aisle. The photographic evidence confirms that both the complainant and appellant
could see through the bookshelves. In addition, appellant’s flight from the library
following his confrontation with Fischer is some indication of appellant’s
consciousness of guilt. See Valdez v. State, 623 S.W.2d 317, 321 (Tex. Crim. App.
1979). From this evidence, a rational jury could have inferred that appellant was
aware of the complainant’s presence at the time that he exposed his genitals. As a
result, we hold that the evidence is legally sufficient to sustain the jury’s finding of
guilt, and we overrule appellant’s first issue. 
          To support his claim that the evidence is factually insufficient to show that he
had knowledge of the complainant’s presence at the time that he exposed himself,
appellant disputes the photographic evidence demonstrating that the complainant was
within his line of sight and suggests that, because he stayed in the same spot in the
library for a significant period of time after the incident occurred, he could not have
known that the complainant was present. In other words, appellant argues that, had
he known the complainant was present when he exposed himself, he would have fled
the library sooner. The sum of this evidence, according to appellant, supports a
finding of a reckless mental state, rather than one that is knowing or intentional. It
cannot be said, however, that this evidence renders the verdict clearly wrong or
manifestly unjust, nor can it be said that the great weight and preponderance of the
evidence contradicts the jury’s finding that appellant knew the complainant was
present. As a result, we hold that the evidence is factually sufficient to sustain
appellant’s conviction, and we overrule appellant’s second issue. 
Conclusion 
          We affirm the judgment of the trial court.
 

                                                             George C. Hanks, Jr.
                                                             Justice
 
Panel consists of Justices Taft, Keyes, and Hanks.
Do not publish. Tex. R. App. P. 47.4.