NO. 07-09-00151-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

APRIL 15, 2011

———————————————

JULIAN VASQUEZ, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

———————————————

FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2008-421,066; HONORABLE CECIL G. PURYEAR, JUDGE

———————————————

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant Julian Vasquez was indicted for the offense of indecency with a child.[1] A jury found him guilty of the charged offense, and the court sentenced him to fifteen years confinement in prison. Challenging the admission of evidence over his hearsay objection and the legal and factual sufficiency of the evidence, appellant appeals. We will affirm.

---

[1] Tex. Penal Code Ann. § 21.11(a)(1),(c)(2) (West Supp. 2010). The indictment alleged that appellant "did then and there intentionally and knowingly with the intent to arouse and gratify the sexual desire of any person, engage in sexual contact by touching the breast of [L.F.], a child younger than 17 . . . years, and not the spouse of the said defendant."

Background

Early in the morning of July 20, 2008, L.F., a thirteen-year-old girl, and her eight-year-old cousin were at the apartment of L.F.'s grandmother. The cousin was asleep on a couch in the living room and the grandmother was asleep in her bedroom. L.F. watched cartoons on television in the living room. She planned to sleep on a day bed in that room. The front door was not locked because the grandmother expected a friend to drop by with food.

After hearing knocking on a living room window, L.F. opened the front door expecting her grandmother's friend. Instead, appellant pushed his way into the apartment and knocked L.F. onto the day bed. L.F. was on her back with appellant on top of her. He began unbuttoning her shirt and at the final button ripped her shirt. Appellant reached into L.F.'s shirt and unhooked her bra. He touched her chest. L.F. acknowledged on direct examination that she was embarrassed to describe the events. She then agreed with the prosecutor that appellant touched her in the area of her chest covered by her bra. L.F. kicked and pushed appellant and he left the apartment. She did not lock the apartment door but grabbed her cell phone and ran to the bathroom. Locking the bathroom door, she called 911. Appellant reentered the apartment through the unlocked front door.

The 911 operator received L.F.'s call at 1:24 a.m. L.F. reported appellant was back in the apartment and trying to enter the bathroom. Because of a scratching sound on the door she believed he had a knife. L.F. told the operator that appellant tried to "rape" her. She added that he removed her bra "and everything but that's all." Police

officers were dispatched to the apartment. The first officer that arrived found appellant in the apartment. L.F. remained in the bathroom. Appellant was handcuffed and placed in a patrol car.

After hearing this and other evidence, the jury found appellant guilty of indecency with a child. Appellant timely appealed.

Analysis

In his first issue, appellant argues the trial court erred by admitting certain hearsay statements of L.F. over his objection.

We review the trial court's evidentiary rulings under an abuse of discretion standard meaning we will uphold the trial court's decision if it is within "the zone of reasonable disagreement." *Montgomery v. State,* 810 S.W.2d 372, 390-91 (Tex.Crim.App. 1990) (op. on reh'g).

Appellant was in the apartment and L.F. in the bathroom when the first police officer arrived. Another officer arrived at 1:36 a.m. and questioned L.F. At trial, the court overruled appellant's hearsay objection to the officer's recount of L.F.'s depiction of appellant's actions. The State did not argue, and the court did not express, a ground for admission of the testimony.[2] Appellant requested and was granted a running objection.

---

[2] We will affirm the trial court's evidentiary ruling if the evidence is admissible on any ground. *Kipp v. State,* 876 S.W.2d 330, 337 (Tex.Crim.App. 1994). In their briefs, the parties focus on the excited utterance exception to the hearsay rule as the basis for admission of the officer's testimony. *See* Tex. R. of Evid. 803(2).

According to the officer, he asked L.F. to tell him what happened, beginning with the moment she initially had contact with appellant. He then recalled L.F.'s depiction. This included details of appellant's entering the apartment and pushing L.F. onto the bed. The description paralleled testimony admitted elsewhere without objection. But the officer's recall of what happened next in the sequence was clearer and more detailed than L.F.'s trial testimony. The officer testified L.F. told him appellant pulled down her shirt, exposed her breasts, and began touching her breasts.

In the opinion of the officer, L.F. appeared nervous and embarrassed. As they talked of the occurrence, she began crying. The officer agreed L.F. was emotional. Another officer on the scene at the same time described L.F. as "fairly calm" but shaking. She cried as they spoke.

After speaking with police, L.F. spoke with her grandmother, who remained in her bedroom on oxygen. Her grandmother testified L.F. then appeared "nervous and real scared." And she was crying. After the officers left, L.F. "cried on and off all night." She described L.F. as quiet and shy but added her granddaughter liked to laugh and have fun.

Texas Rule of Evidence 803(2) provides that a statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition is not excluded by the hearsay rule. The critical factor in determining whether a statement is an excited utterance is whether the declarant was still dominated by the emotions, excitement, fear, or pain of the event. *McFarland v. State,* 845 S.W.2d 824, 846 (Tex.Crim.App. 1992) *overruled on other grounds by*

4

*Bingham v. State,* 915 S.W.2d 9 (Tex.Crim.App. 1994); *Gonzalez v. State,* 966 S.W.2d 804, 808 (Tex.App.–Amarillo 1998), *aff'd,* 3 S.W.3d 915 (Tex.Crim.App. 1999). In other words, an appellate court must determine whether the declarant made the statement "under such circumstances as would reasonably show that it resulted from impulse rather than reason and reflection." *Zuliani v. State,* 97 S.W.3d 589, 596 (Tex.Crim.App. 2003) (quoting *Fowler v. State,* 379 S.W.2d 345, 347 (Tex.Crim.App. 1964)). The time elapsed between the occurrence of the event and the utterance is one factor considered in determining the admissibility of the utterance. That the declaration was a response to questions is likewise only one factor considered, and does not render the statement inadmissible. *McFarland,* 845 S.W.2d at 846. The trial court may also consider the nature of the declarant and whether the statement is self-serving. *Apolinar v. State,* 155 S.W.3d 184, 186-87 (Tex.Crim.App. 2005).

The trial court heard evidence supporting a reasonable conclusion that when L.F. spoke with police minutes after her 911 call she was still dominated by the emotions, excitement, fear or pain of the event. The trial court did not abuse its discretion by admitting the challenged testimony of the interviewing officer. Appellant's first issue is overruled.

By his second issue, appellant challenges the legal and factual sufficiency of the evidence tending to establish that he acted with intent to arouse or gratify the sexual desire of any person. Since appellant's brief was filed, the Texas Court of Criminal Appeals decided *Brooks v. State,* 323 S.W.3d 893 (Tex.Crim.App. 2010) (plurality op.). In that case, the court determined the sufficiency of the evidence should be reviewed

5

only under the standard set forth in *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).[3]

In reviewing the sufficiency of the evidence, we view the evidence in the light most favorable to the verdict to determine whether a rational fact finder could have found each element of the offense beyond a reasonable doubt. *Swearingen v. State,* 101 S.W.3d 89, 95 (Tex.Crim.App. 2003); *Conner v. State,* 67 S.W.3d 192, 197 (Tex.Crim.App. 2001) (citing *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979)). This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jackson,* 443 U.S. at 319, 99 S.Ct. at 2789. *See also Hooper v. State,* 214 S.W.3d 9, 15 (Tex.Crim.App. 2007) (juries are permitted to draw multiple reasonable inferences as long as each inference is supported by the evidence presented at trial). The trier of fact is the sole judge of the weight and credibility of the evidence. Tex. Code Crim. Proc. Ann. art. 38.04 (West 1979); *Margraves v. State,* 34 S.W.3d 912, 919 (Tex.Crim.App. 2000). Thus, when reviewing the sufficiency of the evidence, we may not re-evaluate the weight and

---

[3] The previously-applied factual sufficiency standard considers whether the evidence supporting guilt, though legally sufficient, is so weak that the jury's verdict seems clearly wrong and manifestly unjust, or evidence contrary to the verdict is such that the jury's verdict is against the great weight and preponderance of the evidence. *Grotti v. State,* 273 S.W.3d 273, 283 (Tex.Crim.App. 2008); *Watson v. State,* 204 S.W.3d 404, 414-15 (Tex.Crim.App. 2006). Under that standard, the ultimate question is whether, considering all the evidence in a neutral light, the jury was rationally justified in finding guilt beyond a reasonable doubt. *Grotti,* 273 S.W.3d at 283. Even had we applied such a standard to review of the evidence, we could not sustain appellant's contention. From our review of the entire record, the finding of appellant's guilt was neither clearly wrong and manifestly unjust nor against the great weight and preponderance of the evidence.

credibility of the evidence and substitute our judgment for that of the fact-finder. *Dewberry v. State,* 4 S.W.3d 735, 740 (Tex.Crim.App. 1999). We resolve any inconsistencies in the evidence in favor of the verdict. *Curry v. State,* 30 S.W.3d 394, 406 (Tex.Crim.App. 2000). Each fact need not point directly and independently to the guilt of the appellant, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction. *Hooper,* 214 S.W.3d at 13. Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt. *Id.* On appeal, the same standard of review is used for both circumstantial and direct evidence cases. *Id.*

If, however, based on all the evidence, a reasonably-minded jury must necessarily entertain a reasonable doubt of the defendant's guilt, due process requires that we reverse and order a judgment of acquittal. *Swearingen,* 101 S.W.3d at 95 (citing *Narvaiz v. State,* 840 S.W.2d 415, 423 (Tex.Crim.App. 1992)).

To convict appellant for indecency with a child as indicted, it was for the State to prove beyond a reasonable doubt that appellant, with intent to arouse or gratify the sexual desire of any person, intentionally and knowingly engaged in sexual contact with L.F., a child younger than seventeen years and not appellant's spouse, by touching her breast. *See* Tex. Penal Code Ann. § 21.11(a), (c) (West Supp. 2010).[4] The trier of fact

---

[4] By amendment applicable for an offense committed on or after September 1, 2009, the State need no longer prove the actor was not the spouse of the victim. Rather, a marital relationship between the actor and victim is now an affirmative defense. *See* Tex. Penal Code Ann. § 21.11(a),(b-1) (West Supp. 2010).

7

may infer the specific intent to arouse or gratify the sexual desire of a person by conduct, remarks, or all the surrounding circumstances. *See Bowles v. State,* 550 S.W.2d 84, 85 (Tex.Crim.App. 1977); *Tyler v. State,* 950 S.W.2d 787, 789 (Tex.App.-- Fort Worth 1999, no pet.). No oral expression of the actor's intent is required; intent may be inferred from the conduct itself. *Connell v. State,* 233 S.W.3d 460, 471 (Tex.App.–Fort Worth 2007, no pet.).

L.F. testified that earlier in the day on July 20, as she took out her grandmother's trash, she noticed appellant on an upstairs balcony at the apartment complex. It appeared he was drinking beer. When she returned, two other males had joined appellant on the balcony. They too appeared to be drinking beer. Appellant watched L.F. and waved. Early the following morning appellant forced his way into the apartment, knocked L.F. onto a bed on her back, got on top of her, began unbuttoning her shirt and tore her shirt when he reached the last button. According to L.F., as he did so, appellant acted forcefully. Viewed in the light most favorable to the verdict, the evidence showed he then reached under her shirt, unclasped her bra, pulled down her shirt exposing her breasts, and began touching her breasts with his hands.

L.F. told the 911 operator appellant tried to rape her, and added he removed her bra. Although the details of appellant's touching of L.F. were described somewhat differently in the interviewing officer's testimony and in his incident report, and L.F.'s trial testimony was less explicit than her description to the interviewing officer, the jury was the exclusive judge of the credibility of the witnesses and the weight assigned their testimony. *Fuentes v. State,* 991 S.W.2d 267, 271 (Tex.Crim.App. 1999). As such, the

8

jury was free to accept or reject any part of a witness's testimony. *Alvarado v. State,* 818 S.W.2d 100, 105 (Tex.App.–San Antonio 1991, no pet.). Having considered the entire record in the appropriate light, we find that a rational jury could have found, beyond a reasonable doubt, not only that appellant touched L.F.'s breasts as alleged but that he did so with an intent of arousing or gratifying sexual desire.

Finding the evidence sufficient to support the jury's verdict, we overrule appellant's second issue.

### Conclusion

Having overruled each of appellant's issues, we affirm the judgment of the trial court.

James T. Campbell
Justice

Do not publish.