

# IN THE
# TENTH COURT OF APPEALS

### No. 10-18-00370-CR

**FLOYD AARON BOWMAN,**

Appellant

 **v.**

**THE STATE OF TEXAS,**

Appellee

**From the 87th District Court
Leon County, Texas
Trial Court No. 17-0152CR**

## MEMORANDUM OPINION

A jury convicted Floyd Aaron Bowman of the offense of sexual assault of a child and assessed his punishment at twenty years' imprisonment and a $10,000 fine. This appeal ensued. In one issue, Bowman argues that the evidence is insufficient to support his conviction. We will affirm.

The Court of Criminal Appeals has defined our standard of review of a sufficiency issue as follows:

> When addressing a challenge to the sufficiency of the evidence, we consider whether, after viewing all of the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Villa v. State*, 514 S.W.3d 227, 232 (Tex. Crim. App. 2017). This standard requires the appellate court to defer "to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319. We may not re-weigh the evidence or substitute our judgment for that of the factfinder. *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). The court conducting a sufficiency review must not engage in a "divide and conquer" strategy but must consider the cumulative force of all the evidence. *Villa*, 514 S.W.3d at 232. Although juries may not speculate about the meaning of facts or evidence, juries are permitted to draw any reasonable inferences from the facts so long as each inference is supported by the evidence presented at trial. *Cary v. State*, 507 S.W.3d 750, 757 (Tex. Crim. App. 2016) (citing *Jackson*, 443 U.S. at 319); *see also Hooper v. State*, 214 S.W.3d 9, 16-17 (Tex. Crim. App. 2007). We presume that the factfinder resolved any conflicting inferences from the evidence in favor of the verdict, and we defer to that resolution. *Merritt v. State*, 368 S.W.3d 516, 525 (Tex. Crim. App. 2012). This is because the jurors are the exclusive judges of the facts, the credibility of the witnesses, and the weight to be given to the testimony. *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010). Direct evidence and circumstantial evidence are equally probative, and circumstantial evidence alone may be sufficient to uphold a conviction so long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction. *Ramsey v. State*, 473 S.W.3d 805, 809 (Tex. Crim. App. 2015); *Hooper*, 214 S.W.3d at 13.

> We measure whether the evidence presented at trial was sufficient to support a conviction by comparing it to "the elements of the offense as defined by the hypothetically correct jury charge for the case." *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). The hypothetically correct jury charge is one that "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or

unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id.*; *see also Daugherty v. State*, 387 S.W.3d 654, 665 (Tex. Crim. App. 2013). The "law as authorized by the indictment" includes the statutory elements of the offense and those elements as modified by the indictment. *Daugherty*, 387 S.W.3d at 665.

*Zuniga v. State*, 551 S.W.3d 729, 732-33 (Tex. Crim. App. 2018).

As limited by the indictment, a person commits the offense of sexual assault of a child if the person intentionally or knowingly causes the penetration of the sexual organ of a child, who was then and there younger than seventeen years of age, by the person's sexual organ. TEX. PENAL CODE ANN. § 22.011.

Bowman argues that there was no evidence of intent because Bowman's acts, if any, were involuntary and because Bowman lacked the requisite *mens rea*.

A jury may infer intent or knowledge from any fact that tends to prove its existence, including the acts, words, or conduct of the accused, and the method of committing the crime. *Hart v. State*, 89 S.W.3d 61, 64 (Tex. Crim. App. 2002); *Allen v. State*, 478 S.W.2d 946, 947 (Tex. Crim. App. 1972). Mental culpability is of such a nature that it generally must be inferred from the circumstances under which a prohibited act occurs. *Smith v. State*, 965 S.W.2d 509, 518 (Tex. Crim. App. 1998). Intent is a question of fact to be determined by the trier of facts from all the facts and circumstances in evidence. *Hemphill v. State*, 505 S.W.2d 560, 562 (Tex. Crim. App. 1974).

Trial testimony revealed that DNR came to live with Bowman, his wife, and their three children in February 2015 when DNR was fourteen years of age. Bowman and his

wife separated in March 2016 when his wife and children moved out of the family home. After the separation Bowman and DNR continued to live in the home together.

DNR testified that she did not want Bowman prosecuted and that he was the father of her two daughters, HR and JR. The first daughter, HR, was born when DNR was under the age of seventeen. DNR testified she was fifteen years old the first time she and Bowman had sex and as a result of that encounter, she became pregnant and gave birth to their daughter HR. DNR testified that on her fifteenth birthday in January 2016 she saw Bowman stumble into a bedroom and added that Bowman "was completely out of it, the way he was acting." DNR went into the bedroom to check on Bowman and that is when they had sex. DNR acknowledged that she and Bowman first kissed on the night they had sex for the first time. DNR testified that Bowman was intoxicated and "stone-cold out" while having sex. DNR testified she and Bowman did not have sex again until shortly after her seventeenth birthday and as a result of that encounter, she got pregnant with her second daughter, JR. The record is unclear as to when DNR moved out of Bowman's house, but DNR testified she, her mother, and HR moved back in with Bowman in late September or early October 2017. At that time DNR described their relationship as co-parenting.

Investigator Craft testified that Bowman's wife had seen text messages and emails that caused her to be concerned that Bowman was having inappropriate relations with

DNR. Craft testified that, while investigating the case, he interviewed DNR and testified that DNR initially denied knowing who the father of HR was.

Bowman testified that he did not recall having sex with DNR on the occasion made the basis of this criminal charge. He added that he did not know that the first daughter was his child until receiving the DNA results. Bowman stipulated that he is the father and DNR is the mother of HR.

In this case the evidence that Bowman had sex with DNR is undisputed. Furthermore, the fact that DNR gave birth to HR while under the age of seventeen and HR was confirmed by DNA testing to be Bowman's child is undisputed. Bowman stipulated he is the father of the child. The only question presented on appeal is whether he was so intoxicated at the time of the act that he was incapable of forming the requisite intent. The victim testified Bowman was passed out. The victim also testified that she did not want Bowman prosecuted because she now had two children that he had fathered. The jury clearly chose to disbelieve her testimony that he was passed out at the time he was having sex with her. Thus, the question is whether the jury could infer from the fact of the completed act that he participated in it for the sexual gratification of either of them. A jury is entitled to judge the credibility of the witnesses and can choose to believe all, some, or none of the testimony. *Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991). The jury could have inferred intent from testimony of the investigator that Bowman's wife had concerns of inappropriate relations between DNR and Bowman

after seeing the text messages and emails. Furthermore, Bowman and DNR had a consensual sexual encounter shortly after DNR turned seventeen years of age. As the reviewing court, we "should not substantially intrude upon the jury's role as the sole judge of the weight and credibility of witness testimony." *Vasquez v. State*, 67 S.W.3d 229, 236 (Tex. Crim. App. 2002). Based on all the facts and circumstances, we cannot say that inference is not reasonable.

Viewing the evidence in the light most favorable to the verdict, we decide that the evidence presented to the jury, along with reasonable inferences therefrom, was sufficient to support a finding beyond a reasonable doubt that Bowman was guilty of the offense as alleged in the indictment.

We therefore overrule Bowman's sole issue and affirm the judgment of the trial court.

MATT JOHNSON
Justice

Before Chief Justice Gray
     Justice Neill, and
     Justice Johnson
Affirmed
Opinion delivered and filed March 3, 2021
Do not publish
[CR25]

